[No. D036024. Fourth Dist., Div. One. Mar. 19, 2001.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
ANTONIO OLGUIN PRECIADO, Real Party in Interest.

COUNSEL

Paul J. Pfingst, District Attorney, Thomas F. McArdle and D. Michael Ebert, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Steven J. Carroll, Public Defender, and Matthew C. Braner, Deputy Public Defender, for Real Party in Interest.

OPINION

BENKE, J.—In this case we find that although a petition alleging that a person is a sexually violent predator (SVP) within the meaning of the Sexually Violent Predators Act (SVPA or Act) (Welf. & Inst. Code, § 6600 et seq.)[1] should not be filed until two psychotherapists have evaluated the alleged SVP and found that his condition meets the requirements of the Act, a failure to do so may be cured by the People after the petition is filed. Thus, in this case, where the People's petition was timely and the required evaluations were performed prior to the end of the alleged SVP's previous commitment, the trial court erred in dismissing the petition.

### FACTS AND PROCEDURAL HISTORY

In 1980 real party in interest Antonio Olguin Preciado was convicted of three counts of forcible rape while using a deadly weapon, one count of

---

[1]All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

attempted rape, and two counts of forcible oral copulation. He was sentenced to 33 years in prison.

In June 1997, prior to his release from prison, the People filed a petition to compel Preciado's involuntary commitment for treatment as an SVP. On January 12, 1998, a jury found Preciado was an SVP within the meaning of section 6600. Pursuant to the terms of section 6604, Preciado was committed to the Department of Mental Health for treatment for a period of two years. Preciado's original commitment under the SVPA was scheduled to expire on January 12, 2000.

On November 16, 1999, before the expiration of Preciado's commitment term, the People filed a petition to continue his commitment under the SVPA. Attached as an exhibit to the petition was an evaluation of Preciado prepared by Dawn Starr, Ph.D. Starr's evaluation concluded Preciado continued to suffer from a diagnosable mental disorder that made him likely to engage in sexually violent criminal behavior.

On December 17, 1999, Preciado was arraigned on the petition.

On January 5, 2000, a second evaluation was conducted by Jill Nelson, Ph.D. Nelson also concluded Preciado continued to meet the criteria of an SVP. Nelson's evaluation was transmitted to Preciado's counsel on January 12, 2000.

On April 20, 2000, the People filed an amended petition. Attached to the amended petition was the original evaluation conducted by Starr and the later evaluation conducted by Nelson. Preciado was arraigned on the amended petition on April 28, 2000. At a probable cause hearing conducted on May 17 and May 23, 2000, Drs. Nelson and Starr testified for the People and were cross-examined by Preciado's counsel.

On May 23, 2000, Preciado moved to dismiss both the original petition and the amended petition. Preciado argued that a petition for continued commitment under section 6600 requires an evaluation by two psychologists or psychiatrists and that a petition must be filed before a commitment term expires. He argued the original petition was defective because at the time it was filed only one psychological evaluation had been performed. He argued the amended petition was untimely because it was filed after his term of commitment had expired. In asserting the evaluation of two psychologists is needed to sustain a petition, Preciado relied upon two cases rendered after the People's initial petition in this case was filed: *Butler v. Superior Court* (2000) 78 Cal.App.4th 1171 [93 Cal.Rptr.2d 468] (*Butler*), and *Peters v. Superior Court* (2000) 79 Cal.App.4th 845 [94 Cal.Rptr.2d 350] (*Peters*).

On July 7, 2000, the superior court granted Preciado's motion to dismiss both the initial petition and amended petition and ordered his release. The court stayed its release order to permit the People to file the instant petition.

We stayed the trial court's order and issued an order to show cause.

## DISCUSSION

### I

In *Hubbart v. Superior Court* (1999) 19 Cal.4th 1138, 1144 [81 Cal.Rptr.2d 492, 969 P.2d 584], the Supreme Court found that in enacting the SVPA the Legislature had "expressed concern over a select group of criminal offenders who are extremely dangerous as the result of mental impairment, and who are likely to continue committing acts of sexual violence even after they have been punished for such crimes. The Legislature indicated that to the extent such persons are currently incarcerated and readily identifiable, commitment under the SVPA is warranted immediately upon their release from prison. The Act provides treatment for mental disorders from which they currently suffer and reduces the threat of harm otherwise posed to the public. No punitive purpose was intended. [Citation.]" (Fn. omitted.)

Under the Act, prior to the end of any prison commitment an alleged SVP must be evaluated by either two practicing psychologists, two practicing psychiatrists or a practicing psychologist and a practicing psychiatrist chosen by the Director of Mental Health (DMH). (§ 6601, subd. (d).) If both professionals agree that the criteria set forth in section 6600 exist, the DMH is required to send the evaluations to the county which was responsible for the alleged SVP's incarceration and request that an SVPA petition be filed. (§ 6601, subd. (d).) If the professionals do not agree, the DMH must appoint two independent professionals, not employed by the state, to evaluate the alleged SVP. (§ 6601, subds. (e), (g).) If, but only if, the two independent evaluators find that the SVP criteria exist, the DMH must request that an SVPA petition be filed. (§ 6601, subd. (f).)

In *Butler, supra,* 78 Cal.App.4th at pages 1180-1181, and *Peters, supra,* 79 Cal.App.4th at page 850, the courts found that under this statutory scheme a petition to recommit someone who is under a current SVPA commitment cannot be filed unless two evaluators under section 6601, subdivisions (d) or (e), have found that the condition continues to meet the requirements of the Act. In both cases the People had argued that in the case of a petition for recommitment under the SVPA, as opposed to an initial

petition for recommitment, only one evaluation should be required. The result in these cases was recently codified by the Legislature in urgency legislation amending section 6604.1, subdivision (b). (Stats. 2000, ch. 420, § 4 (Sen Bill No. 2018) eff. Sept. 13, 2000.) By its terms section 6604.1, subdivision (b), now expressly requires that two evaluations be obtained before any recommitment petition is filed and provides for the appointment of independent evaluators in the event of disagreement by the evaluators appointed by the DMH.

A petition under the SVPA must not only be based upon two evaluations, it must also be filed before the end of any current commitment. (*People v. Superior Court (Ramirez)* (1999) 70 Cal.App.4th 1384, 1389 [83 Cal.Rptr.2d 402].) However, once a petition is filed, there is no additional limit on the time in which the allegations of the petition must be tried. (*Ibid.*)

The filing of a petition commences a new round of proceedings in the trial court. (*Hubbart v. Superior Court, supra,* 19 Cal.4th at p. 1144.) "The superior court first holds a hearing to determine whether there is 'probable cause' to believe that the person named in the petition is likely to engage in sexually violent predatory criminal behavior upon release. (§ 6602, as amended by Stats. 1966, ch. 4, § 4, and by Stats. 1998, ch. 19, § 3.) The alleged predator is entitled to the assistance of counsel at this hearing. If no probable cause is found, the petition is dismissed. However, if the court finds probable cause within the meaning of this section, the court orders a trial to determine whether the person is an SVP under section 6600. The alleged predator must remain in a 'secure facility' between the time probable cause is found and the time trial is complete. (§ 6602.)

"At trial, the alleged predator is entitled to 'the assistance of counsel, the right to retain experts or professional persons to perform an examination on his or her behalf, and have access to all relevant medical and psychological records and reports.' (§ 6603, subd. (a).) Either party may demand and receive trial by jury. (*Id.,* subds. (a) & (b); see *id.,* subd. (c).)

"The trier of fact is charged with determining whether the requirements for classification as an SVP have been established 'beyond a reasonable doubt.' (§ 6604.) Any jury verdict on the issue must be 'unanimous.' (§ 6603, subd. (d).) If the state fails to carry this burden, the person is released from prison when his term expires. (§ 6604.)" (*Hubbart v. Superior Court, supra,* 19 Cal.4th at pp. 1146-1147, fns. omitted.)

II

Here, Preciado argues the failure to obtain two evaluations prior to filing the initial petition deprived the trial court of jurisdiction to proceed on

the petition once his term of commitment expired. He contends the amended petition, which was filed after his commitment had expired, was untimely. We disagree with his analysis of the statute.

First, we note that proceedings under the Act are civil in nature. (*Hubbart v. Superior Court, supra,* 19 Cal.4th at p. 1171; *In re Parker* (1998) 60 Cal.App.4th 1453, 1461 [71 Cal.Rptr.2d 167].) Accordingly, unless otherwise indicated on the face of the statute, rules of civil procedure will operate. (See, e.g., *People v. Superior Court* (*Myers*) (1996) 50 Cal.App.4th 826, 834 [58 Cal.Rptr.2d 32]; *People v. Superior Court* (*Johannes*) (1999) 70 Cal.App.4th 558, 561 [82 Cal.Rptr.2d 852].)

Contrary to Preciado's assumption, there is no requirement in the Act that the face of a petition allege the existence of two professional evaluations. The only substantive requirements for a petition are set forth in section 6600, subdivision (a), which describes an SVP as "a person who has been convicted of a sexually violent offense against two or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Although the DMH is required to send the two psychological evaluations to the county's designated counsel, and the designated counsel is given discretion to file a petition if he agrees with the DMH's recommendation (§ 6601, subds. (h), (i)), the statute does not by its terms require that the evaluations be alleged or appended to a petition. Here, the original petition alleged Preciado had committed the predicate sexual offenses and was still suffering from a mental disorder which made it likely he would engage in sexually violent behavior. Thus, on its face the county's petition was valid at the time it was filed and because it was filed before Preciado's commitment had expired, it was timely. (*People v. Superior Court* (*Ramirez*), *supra,* 70 Cal.App.4th at p. 1389.)

Admittedly, at the time it was filed it was subject to attack because the DMH had not yet obtained the two evaluations required by section 6601, subdivision (d). (See *Butler, supra,* 78 Cal.App.4th at pp. 1180-1181; *Peters, supra,* 79 Cal.App.4th at p. 850.) Plainly, under *Butler* and *Peters* the People did not yet have the right to bring an SVPA petition against Preciado. However, this defect was not one going to the substantive validity of the complaint, but rather was merely in the nature of a plea in abatement, by which a defendant may argue that for collateral reasons a complaint should not proceed. (See generally 5 Witkin, Cal. Procedure (4th ed. 1997) Pleading, §§ 1055-1058, pp. 505-508.) In general, where a defect impairing a litigant's right to proceed existed at the time a complaint was filed but has been cured by the time the defense is raised, the defect will be ignored. (Witkin, *supra,* Pleading, § 1058, p. 508.)

The principles governing pleas in abatement have been applied where, as is essentially the case here, a complaint has been brought prematurely. The leading case permitting premature pleadings to be cured is *Radar v. Rogers* (1957) 49 Cal.2d 243, 250 [317 P.2d 17], where a complaint was filed before a claim had been presented and rejected by an estate. By the time the estate brought the defect in the original pleading to the attention of the trial court by way of a demurrer, a claim had in fact been presented and rejected and the complaint had been amended. In reversing a trial court order sustaining the estate's demurrer, the court stated: "The defense that suit was commenced before the presentation and rejection of claim 'is simply [a] matter of abatement—a defense which is not favored, and must be made by plea, and in proper time, or it is waived.' [Citations.] Here there is no occasion to consider whether the unfavored defense was waived, for it had ceased to exist at the time defendant sought to raise it. 'A consequence of the disfavor with which such pleas are viewed is that matter in abatement must exist at the time of filing of the pleading urging it' [citation] and if the stated ground does not exist at the time of trial it may be disregarded. [Citation.]" (*Ibid.*)

More recently in *Virgin v. State Farm Fire & Casualty Co.* (1990) 218 Cal.App.3d 1372, 1374-1377 [267 Cal.Rptr. 704], we applied this principle in a case where a group of plaintiffs had filed a complaint against their insurers before they had submitted claims to the insurers. By the time the insurers brought a motion for summary judgment raising the defect, the claims had been made and rejected. In reversing the summary judgment entered in favor of the insurers we relied upon *Radar v. Rogers*, 49 Cal.2d 243, and stated: "[T]he 'defect' in the homeowners' pleading which existed at the time the complaints were filed should be disregarded since it no longer existed at the time the insurance companies made their motion for summary judgment." (*Virgin, supra*, 218 Cal.App.3d at p. 1376, fn. omitted.) We also noted the rule set forth in *Radar v. Rogers* had been applied in a variety of contexts where the prematurity of a complaint was related to substantive as well as procedural defects. (*Ibid.*)

As we have indicated, the defect Preciado relies upon is entirely a contention the original petition was filed prematurely. The most *Butler, Peters* and the terms of SVPA require is that two psychological evaluations be completed before a petition is filed. Once those evaluations have occurred, the People still must show probable cause to retain the person subject to the petition and at a jury trial prove the person's continuing threat to the community beyond a reasonable doubt. (§§ 6602, 6603, 6604.) Thus had the petition been brought when the second psychological evaluation was complete on January 5, 2000, it would have been free of the defect found in *Butler* and *Peters*. At that point, seven days before the initial commitment

terminated, the petition would have been timely. (*People v. Superior Court (Ramirez), supra,* 70 Cal.App.4th at p. 1389.) Given these circumstances, under which Preciado cannot show that his rights under the SVPA were in any manner impaired, the principles set forth in *Radar v. Rogers* and *Virgin v. State Farm Fire & Casualty Co.* require us to ignore the premature nature of the petition.

Our characterization of the requirements of section 6600, subdivision (d), as a matter of abatement, rather than as a matter depriving the trial court of jurisdiction to act, is not only mandated by the principles set forth in *Radar v. Rogers* and *Virgin v. State Farm & Fire Casualty Co.,* it is also consistent with the language, structure and purposes of the SVPA. As we have noted, nothing on the face of the statute requires a petition to allege the existence of two psychological evaluations, and the statute does not require the People to prove the existence of such evaluations at either the probable cause hearing or at trial.[2] As the court in *Hubbart* noted, once the petition is filed a new round of proceedings is triggered. (*Hubbart v. Superior Court, supra,* 19 Cal.4th at p. 1146.) After the petition is filed, rather than demonstrating the existence of the two evaluations, the People are required to show the more essential fact that the alleged SVP is a person likely to engage in sexually violent predatory criminal behavior. (*Ibid.*) In short, like many other matters subject to the principles governing pleas in abatement, the requirement for evaluations is not one affecting disposition of the merits; rather, it is a collateral procedural condition plainly designed to ensure that SVP proceedings are initiated only when there is a substantial factual basis for doing so.

The discrete and preliminary role the evaluations play in the statutory scheme does not in any sense undermine their importance or suggest the People may ignore the protection they provide. (See *Butler, supra,* 78 Cal.App.4th at pp. 1180-1181; *Peters, supra,* 79 Cal.App.4th at p. 850; *People v. Superior Court (Gary)* (2000) 85 Cal.App.4th 207, 213, 218 [101 Cal.Rptr.2d 874].) When the required evaluations have not been performed, an alleged SVP may bring that fact to the trial court's attention and obtain appropriate relief. (*Butler, supra,* 78 Cal.App.4th at pp. 1180-1181; *Peters, supra,* 79 Cal.App.4th at p. 850; *People v. Superior Court (Gary), supra,* 85 Cal.App.4th at pp. 218-219.) However, when as here the evaluations have been performed as required, it is important to recognize their conditional role in the overall statutory scheme and the People's corresponding ability to pursue their petition.

Importantly, our conclusion about the role the evaluations play under the SVPA is consistent with the overall purposes of the Act, which are to protect

---

[2]We do note that subject to the right of the alleged SVP to cross-examine the evaluators, the evaluation may be used to establish probable cause. (*In re Parker, supra,* 60 Cal.App.4th at pp. 1469-1470.)

the public from a select group of offenders who are extremely dangerous and to provide treatment for them. (Stats. 1995, ch. 763, § 1; *Hubbart v. Superior Court, supra,* 19 Cal.4th 1138.) We cannot believe the Legislature intended an offender who has previously been adjudicated as an SVP, and who in the opinion of the requisite evaluators is still dangerous, must be released only because a petition was filed prematurely.

In sum then, because prior to expiration of Preciado's prior commitment a petition had been filed and the required evaluations performed, the trial court erred in granting Preciado's later motion to dismiss the petition.[3]

### DISPOSITION

Accordingly, we grant the People's petition and direct that the trial court vacate its order dismissing the People's petition.

Kremer, P. J., and Nares, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied June 27, 2001.

---

[3]We express no opinion with respect to whether evaluations performed after a prior commitment has expired may cure a petition filed before expiration of the earlier commitment.