[No. S079575. May 21, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
GUADALUPE TORRES, Defendant and Appellant.

## COUNSEL

Cynthia A. Thomas, under appointment by the Supreme Court, for Defendant and Appellant.

Ron Boyer for California Public Defenders Association as Amicus Curiae on behalf of Defendant and Appellant.

Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson and David P. Druliner, Chief Assistant Attorneys General, Robert R. Anderson, Assistant Attorney General, Erik Brunkal, Michael J. Weinberger and Ruth M. Saavedra, Deputy Attorneys General, for Plaintiff and Respondent.

---

## OPINION

**KENNARD, J.**—In *Hubbart v. Superior Court* (1999) 19 Cal.4th 1138 [81 Cal.Rptr.2d 492, 969 P.2d 584], we upheld the constitutionality of the Sexually Violent Predators Act (Welf. & Inst. Code, § 6600 et seq. (Act)).[1] The Act provides for civil commitment of criminal defendants who, after serving their prison terms, are found to be "sexually violent predator[s]." (§ 6604.) At issue here is whether this determination must be based upon a finding by the trier of fact at trial that the defendant's prior sexual crimes involved "predatory acts," which are statutorily defined as acts against a stranger, a casual acquaintance, or someone cultivated for the purpose of victimization. (§ 6600, subd. (e).) We conclude that the trier of fact need not make such a finding.

### I

The issue raised by this appeal stems from the Act's use of dissimilar language to define a "predatory act" and a "sexually violent predator." A *predatory act* is one directed "toward a stranger, a person of casual acquaintance with whom no substantial relationship exists, or an individual with whom a relationship has been established or promoted for the primary purpose of victimization." (§ 6600, subd. (e).) In contrast, the Act does not define a sexually violent predator by reference to victim characteristics. Rather, a *sexually violent predator* is "a person who has been convicted of a sexually violent offense against two or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." (§ 6600, subd. (a).) In turn, "[s]exually violent offense" under the Act includes forcible rape, forcible spousal rape, rape in concert, lewd act against a person under 14 years of age, forcible penetration, forcible sodomy, and forcible oral copulation. (§ 6600, subd. (b).)

Under section 6601, whenever the Director of Corrections determines that a defendant serving a prison term may be a sexually violent predator, the

---

[1] Unless otherwise noted, all statutory citations are to the Welfare and Institutions Code.

Department of Corrections and the Board of Prison Terms undertake an initial screening "based on whether the person has committed a sexually violent predatory offense and on a review of the person's social, criminal, and institutional history." (§ 6601, subd. (b).) The screening is conducted in accord with a protocol developed by the state Department of Mental Health. (*Ibid.*) If that screening leads to a determination that the defendant is likely to be a sexually violent predator, the defendant is referred to the Department of Mental Health for an evaluation by two psychiatrists or psychologists. (§ 6601, subds. (b) & (c).) If both find that the defendant "has a diagnosed mental disorder so that he or she is likely to engage in acts of sexual violence without appropriate treatment and custody" (§ 6601, subd. (d)), the department forwards a petition for commitment to the county of the defendant's last conviction (*ibid.*). If the county's designated counsel concurs with the recommendation, he or she files a petition for commitment in the superior court. (§ 6601, subd. (i).)

The next step is a probable cause hearing in superior court, at which the defendant is entitled to counsel and to confront and call witnesses. (*In re Parker* (1998) 60 Cal.App.4th 1453 [71 Cal.Rptr.2d 167].) If "there is probable cause to believe that the [defendant] is likely to engage in sexually violent *predatory* criminal behavior upon his or her release," the court orders a trial to determine whether the defendant, by reason of a diagnosed mental disorder, is "a danger to the health and safety of others in that the person is likely to engage in acts of sexual violence upon his or her release." (§ 6602, subd. (a), italics added.)

At trial, the defendant is entitled to a jury, the assistance of counsel, and the right to retain experts to perform further evaluations. (§ 6603, subd. (a).) If the state proves beyond a reasonable doubt that the defendant is a sexually violent predator, the defendant is committed to the Department of Mental Health for a two-year term. (§ 6604.) Annual status reviews of the defendant may result in an unlimited number of additional periods of confinement depending upon the improvement or lack of improvement in the defendant's mental condition. (§ 6605.)

## II

In 1989, in a California proceeding, defendant was sentenced to state prison for eight years after pleading guilty to raping a woman he had been dating. On March 25, 1997, the People filed a petition for defendant's civil commitment under the Act, alleging that an evaluation by the Department of Mental Health had determined him to be a sexually violent predator. After a hearing, the superior court found probable cause to believe defendant was

likely to engage in sexually violent predatory criminal behavior upon his release, and it set the matter for trial. Defendant waived his right to a jury trial on his prior convictions. The trial court then found that defendant had sustained three prior convictions for sexually violent crimes: a 1971 Texas sodomy conviction, a 1976 Texas aggravated rape conviction, and the 1989 California rape conviction.

Defendant asked the trial court to make a specific finding whether the 1989 rape was "predatory" within the definition of section 6600, subdivision (e). The court rejected this request. The jury then heard expert psychological evidence and found defendant to be a sexually violent predator. The trial court committed defendant to two years in Atascadero State Hospital.

Defendant appealed. The Court of Appeal rejected defendant's contention that at trial the trier of fact must determine whether prior convictions involved predatory acts, but it reversed the trial court's sexually violent predator determination on the ground that defendant's two Texas convictions had not been proved by certified documents. (See Evid. Code, §§ 1530, 1531.) The People did not seek review in this court. We granted defendant's petition for review of the Court of Appeal's holding relating to proof of predatory acts.

### III

Section 6600 specifies that to be a sexually violent predator, a defendant must have been convicted of a "sexually violent offense." Nothing in section 6600 requires that the sexually violent offense be a predatory act, which is defined in subdivision (e) of section 6600 as an act committed against a stranger, a casual acquaintance, or a person cultivated for the purpose of victimization. To the contrary, one of the crimes classified in section 6600, subdivision (b) as a sexually violent offense is spousal rape, and a crime against a spouse would rarely be "predatory" as the Act uses that term.

Likewise section 6604, which describes the procedure at trial to determine whether a defendant is a sexually violent predator, does not refer to predatory acts. It provides: "The court or jury shall determine whether, beyond a reasonable doubt, the person is a sexually violent predator. . . . If the court or jury determines that the person is a sexually violent predator, the person shall be committed for two years to the custody of the State Department of Mental Health for appropriate treatment and confinement in a secure facility . . . ." (*Ibid.*)

Defendant, however, points to the probable cause provision of section 6602, which requires the superior court to review the petition and "determine

whether there is probable cause to believe that the individual named in the petition is likely to engage in sexually violent *predatory* criminal behavior . . . ." (§ 6602, subd. (a), italics added.) But section 6602 also specifies the issues to be decided at the trial if the court finds probable cause. That provision does not require the trier of fact at the trial to determine whether the defendant has previously engaged in predatory acts, but only whether, if released, the defendant "is likely to engage in acts of sexual violence." (§ 6602, subd. (a).)

Defendant also points to other provisions that use the concept of predatory acts. For instance, section 6600, subdivision (a)(3) permits the details of a prior conviction, "including a predatory relationship with the victim," to be shown by documentary evidence. Section 6601, subdivision (b) states that the initial screening by the Department of Corrections shall be based in part on whether the defendant has committed a sexually violent predatory offense. Section 6602.5, subdivision (a) prohibits placing a defendant in a state hospital unless "there is probable cause to believe that the individual named in the petition is likely to engage in sexually violent predatory criminal behavior." And section 6607, subdivision (a) authorizes the Director of Mental Health to recommend an inmate's conditional release to a community treatment program if the diagnosed mental disorder "has so changed that the person is not likely to commit acts of predatory sexual violence." The resulting hearing on the petition for conditional release, however, requires only a finding on whether the person is likely to engage in "sexually violent criminal behavior if placed under supervision and treatment in the community" (§ 6608, subd. (a)), not whether he or she is likely to engage in predatory behavior.

Defendant contends the Act is ambiguous, but none of the provisions at issue here, either singly or in combination, displays any ambiguity. Thus the Attorney General invokes the principle that " '[t]o determine legislative intent, a court begins with the words of the statute, because they generally provide the most reliable indicator of legislative intent.' [Citation.] If it is clear and unambiguous our inquiry ends. There is no need for judicial construction and a court may not indulge in it. [Citation.] 'If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs.' " (*Diamond Multimedia Systems, Inc. v. Superior* Court (1999) 19 Cal.4th 1036, 1047 [80 Cal.Rptr.2d 828, 968 P.2d 539]; see *People v. Gardeley* (1996) 14 Cal.4th 605, 621 [59 Cal.Rptr.2d 356, 927 P.2d 713].)

Defendant asserts, however, that the statute as a whole, even if not ambiguous, is undoubtedly anomalous in that generally the elements of an

offense or status for the purpose of a probable cause hearing mirror those to be proven at trial. The Act is indeed unusual in that its language requires the court at a probable cause hearing to decide whether the defendant "is likely to engage in sexually violent predatory criminal behavior upon his or her release" (§ 6602, subd. (a)), but it does not expressly provide for such an issue to be decided by the trier of fact at the trial.

This anomaly does not help defendant, however. He claims that the trier of fact must find the sexually violent offenses that qualify him for civil commitment to be predatory acts, which subdivision (e) of section 6600 narrowly defines as crimes committed against a stranger, a casual acquaintance, or someone cultivated for the purpose of victimization.[2] But there is nothing in the statutory language or the legislative history to support this contention. The statutory scheme does not prohibit the trier of fact at the trial, in deciding whether the defendant is likely to commit sexually violent acts upon release, from taking into account past acts of sexual violence, even if the victims were not strangers, casual acquaintances, or persons cultivated for victimization. Even at the probable cause hearing, where the judge must find that the defendant is likely to commit *future* sexually violent *predatory* acts, the judge may take into account past convictions for sexual violence that did not involve "predatory" acts as defined in section 6600. There is no point—neither in the preliminary screening, at the probable cause hearing, nor at the trial—where the Act requires a judicial determination that a defendant's *prior convictions* involved predatory conduct.

Defendant further argues that the purpose of the Act is to provide for confinement only of those persons who are likely to commit future *predatory* crimes of sexual violence, and not of persons who are likely to commit such crimes only against family members or other close acquaintances. He points to the screening procedures set out in section 6601, subdivision (b), and to the probable cause hearing described in section 6602, which permits the court to order a case to trial only if it finds probable cause to believe the defendant is likely to engage in "sexually violent predatory criminal behavior." (§ 6602, subd. (a).) But assuming that defendant is correct in his description of the purpose of the Act, it is clear that the Legislature has not chosen to effectuate this purpose by requiring the trier of fact at the trial to determine whether the defendant's predicate felonies involved predatory behavior.

---

[2]Defendant does not contend that at trial the trier of fact must find that he is likely to commit sexually violent *predatory* behavior upon release. That contention is before this court in *People v. Hurtado* (1999) 73 Cal.App.4th 1243 [88 Cal.Rptr.2d 389], review granted October 20, 1999, S082112.

We conclude that under the Sexually Violent Predators Act the trier of fact at the trial is not required to find that a defendant's prior convictions involved predatory acts. The judgment of the Court of Appeal is affirmed.

George, C. J., Mosk, J., Baxter, J., Werdegar, J., Chin, J., and Brown, J., concurred.

Appellant's petition for a rehearing was denied July 11, 2001.