[No. H022812. Sixth Dist. Aug. 1, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
FRED SCOTT, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to rules 976 and 976.1 of the California Rules of Court, the opinion is certified for publication with the exception of parts II through VI.

COUNSEL

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Gerald A. Engler and Moona Nandi, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ELIA, J.—Fred Scott appeals from an order extending his commitment as a sexually violent predator pursuant to Welfare and Institutions Code section

6604[1] following a jury trial. On appeal, Scott argues that (1) the evidence was insufficient to sustain the petition because only one expert testified for the People, (2) the court committed reversible error by admitting evidence regarding the details of his prior convictions, (3) the Sexually Violent Predators (SVP) Act violated his constitutional rights to equal protection, (4) the court's failure to define the phrase "sexually violent criminal behavior" for the jury violated his constitutional rights to due process, (5) the SVP Act as applied to him violated constitutional prohibitions against ex post facto laws, and (6) the SVP Act violates constitutional prohibitions against double jeopardy.

We affirm.

## I. *The Number of People's Experts Required at Trial*

Scott argues that the evidence is insufficient as a matter of law because only a single psychologist testified that he was a sexually violent predator within the meaning of section 6600.[2] He contends that two prosecution experts, psychiatrists or psychologists, must testify at trial before a trier of fact may find a petition for commitment true. He bases this contention on the SVP Act's requirement that there be concurring opinions of two evaluators, who are either practicing psychiatrists or psychologists, before a request for filing a commitment petition may be forwarded by the Director of Mental Health to the appropriate county (§ 6601). He asserts that, a fortiori, evidence from two psychiatrists or psychologists is required to establish probable cause under section 6602, subdivision (a). Scott then reasons that "if the 'probable cause' standard in section 6602 requires the testimony of two psychiatrist[s] [or psychologists] who believe the defendant is a sexually violent predator, then the 'reasonable doubt' standard in

---

[1]All statutory references are to the Welfare and Institutions Code unless otherwise specified. Section 6604 provides for commitment where the trier of fact determines, beyond a reasonable doubt, that "the person is a sexually violent predator." Section 6600, subdivision (a), states: " 'Sexually violent predator' means a person who has been convicted of a sexually violent offense against two or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior."

[2]The trial court ruled in limine that witnesses could not mention the prior determination that Scott was a sexually violent predator within the meaning of the SVP Act, the specific parole violations underlying Scott's 1995 parole revocation, and the consequence of a "not true" finding, namely that Scott would be released without parole supervision. Dr. Knowlton, one of Scott's evaluators, told the court that it would be impossible for him to testify because he relied on all that excluded information to reach his opinion: "If I can't testify to that information, how I employed that reasoning, I would not be able to provide truthful testimony before the Court." He felt it would be unethical and unprofessional to give a partial explanation for his opinion. The People did not call Dr. Knowlton.

section 6604 also includes this requirement" since proof beyond a reasonable doubt is a higher standard than probable cause.[3]

Scott's reasoning is flawed. The Legislature has imposed procedural safeguards to prevent meritless petitions from reaching trial. "[T]he requirement for evaluations is not one affecting disposition of the merits; rather, it is a collateral procedural condition plainly designed to ensure that SVP proceedings are initiated only when there is a substantial factual basis for doing so." (*People v. Superior Court (Preciado)* (2001) 87 Cal.App.4th 1122, 1130 [105 Cal.Rptr.2d 159].) "After the petition is filed, rather than demonstrating the existence of the two evaluations, the People are required to show the more essential fact that the alleged SVP is a person likely to engage in sexually violent predatory criminal behavior. [Citation.]" (*Ibid.*)

Although some Penal Code provisions do require the testimony of two witnesses or corroboration for conviction (cf., e.g., Pen. Code, §§ 37 [treason], 532 [false pretenses], 653f [soliciting commission of certain crimes]), nothing in the SVP Act expressly requires the testimony of two (or any particular number of) expert witnesses at trial to find that an individual is a sexually violent predator. (See § 6604.) ■ In construing the SVP Act, our primary objective is to ascertain and effectuate the legislative intent by turning first to the statutory language and giving effect to the ordinary

---

[3]Section 6601, subdivision (h), requires that copies of the evaluation reports and other supporting documents be made available to the attorney who may file the petition for commitment. Section 6602 does not expressly require the People to call the two concurring evaluators as witnesses or to introduce their evaluation reports at the probable cause hearing under that section. However, in *In re Parker* (1998) 60 Cal.App.4th 1453, 1468-1469, footnote 15 [71 Cal.Rptr.2d 167], the appellate court noted: "[B]ecause the petition can only be filed based upon the recommendation of the expert evaluators via those reports being sent to the county official authorized to file the petition, it naturally follows that such [petition] include facts basic to the pleading of the petition. It can thus be inferred the report's facts were impliedly intended to be pleaded by averments or proper attachment to the petition to show probable cause that the person in the petition is an SVP. (§§ 6601, subds. (d), (h) & (i), 6602.)" The appellate court found: "[T]he Legislature intended a potential SVP to be able to challenge the basis of a petition to commence proceedings for his or her commitment under the Act at the section 6602 hearing in a matter similar to that provided other persons challenging a probable cause determination for an involuntary civil commitment or at a criminal preliminary hearing before the matter is set for trial, common sense and fairness dictate that such hearing should allow the admission of both oral and written evidence. While we believe the prosecutor may present the opinions of the experts through the hearsay reports of such persons, the prospective SVP should have the ability to challenge the accuracy of such reports by calling such experts for cross-examination. Further, the prospective SVP should have the ability to call such other witness who, upon a proper showing, the superior court judge finds to have relevant evidence to give bearing on the issue of probable cause." (*In re Parker, supra,* 60 Cal.App.4th 1453, 1469-1470.) We do not reach the issue whether the People must present evidence from the two evaluating psychologists or psychiatrists at a probable cause hearing pursuant to section 6602.

meaning of the words employed. (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672].) "Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history." (*Ibid.*)

 Evidence Code section 411 specifically states: "Except where additional evidence is required by statute, the direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact." As a general rule, juries in criminal cases are instructed: "You must not decide an issue by the simple process of counting the number of witnesses . . . . The final test is not in the number of witnesses, but in the convincing force of the evidence." (CALJIC No. 2.22 (6th ed. 1996) p. 69.) Another CALJIC instruction provides in pertinent part: "Testimony by one witness which you believe concerning any fact whose testimony about that fact does not require corroboration is sufficient for the proof of that fact." (CALJIC No. 2.27 (6th ed. 1996) p. 77.)

We conclude that, although there must be two concurring experts as a procedural prerequisite to commencement of the petition process (§ 6601, subds. (c), (d)), the SVP Act does not expressly require two experts to testify at trial on behalf of the People. Furthermore, the requirements at trial are not necessarily the same as the requirements at some other procedural stage. (Cf. *People v. Torres* (2001) 25 Cal.4th 680, 686-687 [106 Cal.Rptr.2d 824, 22 P.3d 871] [the trier of fact at the trial is not statutorily required to determine whether the defendant's predicate felonies involved predatory behavior (§ 6600, subd. (a)), even though the initial screening by the Department of Corrections must be based in part on whether the individual has committed a sexually violent *predatory* offense (§ 6601, subd. (b)) and the court at a probable cause hearing is required to decide whether the individual "is likely to engage in sexually violent *predatory* criminal behavior upon his or her release" (§ 6602, subd. (a), italics added)].) The evidence was not insufficient as a matter of law in the present case because only one psychiatrist or psychologist testified for the People.

II.-VI.\*

. . . . . . . . . . . . . . . . . . . . . . . .

---

\*See footnote, *ante*, page 1060.

## VII. *Disposition*

The judgment is affirmed.

Premo, Acting P. J., and Wunderlich, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 23, 2002.