Filed 10/28/14  P. v. Thomas CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JOHN CURTIS THOMAS,<br><br>     Defendant and Appellant. | C074981<br><br>(Super. Ct. Nos. 13F02681, 10F03644, 11F01542) |

In case No. 13F02681 (battery case), a jury found defendant John Curtis Thomas guilty of assault with a deadly weapon (baseball bat), battery resulting in serious bodily injury, and possession of cocaine base for sale.  The jury found that defendant personally used a deadly weapon and personally inflicted serious bodily injury in the commission of the battery.  The trial court found that defendant had a prior drug trafficking conviction.

Defendant was sentenced to prison for eight years four months.  Defendant was awarded 169 days' custody credits and 169 days' conduct credits and was ordered to pay a $1,800 restitution fine, a $1,800 restitution fine suspended unless parole is revoked, a $120 court operations fee, a $90 court facilities assessment, a $331.98 booking fee, and a $60.18 classification fee.

1

In cases Nos. 11F01542 (2011 case) and 10F03644 (2010 case), the trial court revoked defendant's probation based on the battery case, imposed concurrent prison terms of two years, ordered execution of $200 probation revocation restitution fines, and imposed $200 restitution fines stayed unless parole is revoked. The court confirmed a victim restitution order in the 2010 case.

FACTS

On the afternoon of April 26, 2013, Rebecca Spuehler heard yelling and cursing in the parking lot of the mall where she is employed. Spuehler went outside and saw three men yelling at a man she knew as Mike. Spuehler identified one of the three men as defendant.

Spuehler observed defendant raising a bat over his shoulder. Spuehler ran toward the three men and yelled for defendant to stop. Spuehler saw the bat strike Mike on the head and then saw Mike "just f[a]ll down, boop. Just fell down on the ground backwards." Spuehler also observed Mike "laying there unconscious" for at least a minute. Defendant fled behind a building, and Spuehler stayed with Mike. Spuehler and her daughter-in-law called the fire and police departments.

Michael McKeegan testified that he and defendant were friends and that defendant had sold him drugs 10 to 20 times during the preceding year. On the day of the incident, McKeegan had been released from a drug rehabilitation program. McKeegan immediately relapsed by consuming beer and a beverage similar to wine. McKeegan believed he had become "extremely intoxicated" or "[d]runk." In fact, he had been "more drunk that day" than he had "ever been in [his] life." McKeegan previously had experienced two or three prior alcohol-induced "blackouts" and believed that, on the date of the incident, he again blacked out. McKeegan did not recall seeing defendant that day, did not recall defendant possessing a bat, and did not recall seeing a bat. When responding officers contacted McKeegan he was conscious, smelled like alcohol, and appeared to be moderately intoxicated. He had no visible injuries.

2

Responding officers took defendant into custody one quarter of a mile to one-half of a mile away from the mall. Upon command, he dropped a baseball bat. A search of defendant revealed several bags containing cocaine base, money, marijuana, a cellular telephone, lighters, and a narcotics pipe. The cocaine base was in five individual cellophane baggies that were enclosed in a larger bag. Defendant admitted to an officer that he had struck McKeegan with the baseball bat.

Sacramento County Sheriff's Deputy Darryl Meadows testified for the prosecution as an expert on possession of cocaine base for sale. He opined that the cocaine base was possessed for sale or "street level narcotics trafficking," based upon its packaging in five individual baggies and the denominations of cash found on defendant. The detective's opinion was not altered by the presence of marijuana, a lighter, a device for ingesting cocaine, and a bag containing only drug residue because drug dealers often are users who distribute to others in order to support their own drug habit.

Paul Schindler, a private investigator and consultant and a former Sacramento City Police Officer, testified for the defense as an expert on possession of cocaine base for sale and related matters. Schindler testified that, in his training and experience, persons who are users but not sellers of rock cocaine have carried more than five rocks of cocaine at a time. Schindler has seen cocaine users carry two grams on their person, as opposed to the 0.5 grams involved in this case. Based on the items found, Schindler opined that the person possessing the items was possessing for personal use. Schindler found no indication in the record that defendant's cellular telephone had been investigated for evidence of drug sales. Schindler said that it was uncommon for drug dealers to make change for their customers and that most sales transactions involve round numbers such as $10 or $20.

Schindler conceded on cross-examination that his opinion would change if the person were not under the influence at the time of the arrest. Schindler acknowledged that the cellular telephone could have been used for drug sales and that some of the

narcotics paraphernalia had not been used. Schindler acknowledged that, if the person had a 2004 prior conviction for selling drugs to an undercover officer, had sold methamphetamine 10 to 20 times in the past year, and was not under the influence at the time of arrest, then the five baggies probably were possessed for the purpose of sales.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief contending the evidence on two counts was insufficient and his trial counsel rendered ineffective assistance.

### I

### *Possession Of Cocaine Base For Sale*

Defendant filed a supplemental brief contending there is insufficient evidence to sustain his conviction of possession for sale of cocaine base. He acknowledges that the prosecution presented expert opinion supporting possession for sale, and that the defense presented expert opinion supporting possession for personal use. Defendant argues that, where the prosecution and defense cases are "equally believable," the "benefit goes to defendant."

We construe the evidence in the light most favorable to the verdict; the jury is the judge of credibility and is tasked with deciding between conflicting evidence.

### II

### *Battery*

Defendant contends there was insufficient evidence to sustain his conviction of battery resulting in serious bodily injury or the lesser included offense of assault with a deadly weapon. We disagree.

4

"Except where additional evidence is required by statute, the direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact." (Evid. Code, § 411; see *People v. Cuevas* (1995) 12 Cal.4th 252, 262; *People v. Scott* (2002) 100 Cal.App.4th 1060, 1064.)

Rebecca Spuehler testified that she first observed defendant raising a bat over his shoulder, then saw the bat strike McKeegan on the head, then saw McKeegan "just f[a]ll down, boop. Just fell down on the ground backwards," and also observed McKeegan "laying there unconscious" for at least a minute. The fact that Spuehler's testimony was "uncorroborated" by another eyewitness or medical evidence and disputed by the victim do not render her testimony insufficient as a matter of law.

Defendant claims the evidence of serious bodily injury was insufficient in that there was not sufficient evidence of memory loss. But Rebecca Spuehler testified that, following the blow with the bat, she observed McKeegan "laying there unconscious." Loss of consciousness is sufficient to establish serious bodily injury. (§ 243, subd. (f)(4); *People v. Wade* (2012) 204 Cal.App.4th 1142, 1148.) Defendant's battery conviction is supported by substantial evidence. (*People v. Boyer* (2006) 38 Cal.4th 412, 479-480.)

III

*Ineffective Assistance*

Defendant contends his trial counsel rendered ineffective assistance in that he: (1) failed to present a meritorious defense, i.e., that defendant used drugs as a pain reliever and was not a drug dealer; and (2) failed to locate defendant's mobility power chair, which was parked nearby the scene of the offenses; the chair would have bolstered defendant's defenses that he was incapable of assaulting the victim and that he was a drug user rather than a drug dealer.

" ' "[I]n order to demonstrate ineffective assistance of counsel, a defendant must first show counsel's performance was 'deficient' because his 'representation fell below an objective standard of reasonableness . . . under prevailing professional norms.'

5

[Citation.] Second, he must also show prejudice flowing from counsel's performance or lack thereof. [Citation.] Prejudice is shown when there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Citations.]" [Citation.]' " (*People v. Avena* (1996) 13 Cal.4th 394, 418.)

" ' "[If] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' [Citations.] A claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding." (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

In this case, the record does not indicate why defense counsel failed to present evidence related to defendant's drug use and his power chair. The matters are more appropriately pursued on habeas corpus.

IV

*Correction Of Abstract Of Judgment*

Our review discloses some minor sentencing errors. First, in part nine, the abstract of judgment fails to list the $4,153.76 in victim restitution that was ordered in the 2010 case.

Second, in response to defense counsel's comment that "[t]he probation report does document, with regard to the probation violations [the 2010 and 2011 cases], that he does have some presentence credits," the trial court stated, "[t]hose credits -- the reason I haven't noted those is because I run all that time concurrent, so it will be -- it is academic what the credits are. You do have credits, but they don't exceed the amount of time that you are running concurrent with." When preparing the abstract of judgment, the clerk did not obtain the credits from the probation report but instead listed that defendant had zero custody credits and zero conduct credits in the 2010 and 2011 cases.

6

It is the trial court's duty to indicate the presentence credits to which defendant is entitled.  Here, the court acknowledged that credits existed but failed to state what they were.  The clerk, in turn, has a duty to prepare an abstract that accurately reflects the court's judgment.  Because the trial court had indicated orally that the credits existed, the clerk's indications of zero credits do not accurately reflect the court's judgment.  We shall remand for pronouncement of presentence credits in the 2010 and 2011 cases.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

In case No. 13F02681, the judgment is affirmed.  In cases Nos. 11F01542 and 10F03644, the matter is remanded for computation of presentence credits.  The trial court is directed to prepare an amended abstract of judgment reflecting the restitution to the victim and defendant's credits and to forward a certified copy to the Department of Corrections and Rehabilitation.


                                                            ROBIE              , Acting P. J.



We concur:



      MURRAY         , J.



      DUARTE         , J.



7