[No. G041373. Fourth Dist., Div. Three. Nov. 19, 2009.]

In re EDWARD C. RONJE on Habeas Corpus.

512

## COUNSEL

Edward C. Ronje, in pro. per.; and Rudy Kraft, under appointment by the Court of Appeal, for Petitioner Edward C. Ronje.

Tony Rackauckas, District Attorney, and Mike Flory, Deputy District Attorney, for Respondent State of California.

## OPINION

## FYBEL, J.—

### INTRODUCTION

Edward C. Ronje is awaiting trial on a commitment petition alleging he is a sexually violent predator (SVP) under the Sexually Violent Predator Act, Welfare and Institutions Code section 6600 et seq. (SVPA).[1] Ronje's petition for writ of habeas corpus seeks relief on the ground his evaluations under section 6601 leading to the SVPA commitment petition were conducted under a standardized assessment protocol later determined by the Office of Administrative Law (OAL) to constitute an invalid "underground" regulation under California Code of Regulations, title 1, section 250.

We conclude the assessment protocol used to evaluate Ronje is invalid as an underground regulation. Under *People v. Pompa-Ortiz* (1980) 27 Cal.3d 519, 529 [165 Cal.Rptr. 851, 612 P.2d 941] (*Pompa-Ortiz*), Ronje is not required to show prejudice from use of the invalid assessment protocol because he is making a pretrial challenge. He is therefore entitled to a writ of habeas corpus.

As a remedy, Ronje seeks dismissal of the SVPA commitment petition or new evaluations based on a valid assessment protocol. Which remedy is appropriate depends on whether use of the invalid assessment protocol in conducting the evaluations deprived the trial court of fundamental jurisdiction. In *People v. Glenn* (2009) 178 Cal.App.4th 778 [100 Cal.Rptr.3d 685] (*Glenn*), we held the use of evaluations based on an invalid assessment

---

[1] Further code references are to the Welfare and Institutions Code unless otherwise noted.

protocol did not deprive the trial court of fundamental jurisdiction over the SVPA commitment petition. Thus, the appropriate remedy is not to dismiss the SVPA commitment petition, but to order new evaluations of Ronje using a valid assessment protocol and to conduct another probable cause hearing under section 6602, subdivision (a) based on those new evaluations.

## ALLEGATIONS AND HABEAS CORPUS PROCEEDINGS

The superior court docket shows the SVPA commitment petition against Ronje was filed in March 2006. The probable cause hearing was held in March and April 2006. Between June 30, 2006, and April 3, 2009, nine pretrial hearings were conducted. Trial on the petition has not been held. The trial court denied Ronje's petition for writ of habeas corpus in October 2008.

The habeas corpus petition filed in this court alleged the State Department of Mental Health (DMH) "failed or affirmatively refused, from the inception of the SVPA, to implement, utilize, or enforce (promulgate) a valid 'Standardized Assessment Protocol' as instructed by the California Legislature @ W&I Code § 6601(c), and in substantive compliance and accordance with California's Administrative Procedures Act (APA) @ Cal. Government Code § 11340 et. seq." As justification for delay in seeking habeas corpus relief, Ronje alleges, "[n]ewly discovered evidence which deals with Clinical Evaluator Handbook and Standardized Assessment Protocol (2007)."

We issued an order to show cause and appointed counsel for Ronje. The People filed a return, but it does not join the issues. The return does not address the allegation the assessment protocol used for Ronje's evaluations is invalid as an underground regulation as determined by the OAL. Instead, the return denies "that any psychological evaluations conducted by the California Department of Mental Health are flawed for *failure to follow* the 'Standardized Assessment Protocol' set forth in Welfare and Institutions Code section 6601." (Italics added.) Ronje does not allege the DMH evaluators failed to follow a standardized assessment protocol required by section 6601—he alleges the assessment protocol used is invalid as an underground regulation.

Ronje filed a traverse and an appendix of exhibits. The traverse alleges the assessment protocol used by the DMH was "illegally adopted" and therefore "all psychological evaluations conducted pursuant to that protocol failed to qualify as the mandatory 'standardized assessment protocol' required by Welfare and Institutions Code section 6601." The traverse also alleges: "[T]he [DMH]'s failure to comply with the [Administrative Procedure Act] resulted in evaluations that did not comply with the statute and which, therefore, failed to grant the district attorney the legal authority to file a petition seeking petitioner's commitment. Petitioner further alleges that because the district

attorney did not have the authority to file a petition seeking his commitment, the trial court did not have fundamental jurisdiction over his case."

## 2008 OAL Determination No. 19

■ A proceeding under the SVPA begins when prison officials screen an inmate's records to determine whether the inmate is likely to be an SVP. If so, the inmate is referred to the DMH for a full evaluation to determine whether he or she meets the SVP criteria under section 6600. (§ 6601, subd. (b).) Two mental health professionals designated by the DMH (§ 6601, subd. (d)) evaluate the person in accordance with a standardized assessment protocol developed by the DMH to determine whether the person is a sexually violent predator (§ 6601, subd. (c).) If the evaluators agree the person meets those criteria, the director of the DMH must forward a request for a commitment petition to the county where the person was convicted. (§ 6601, subd. (d).)

■ To implement section 6601, the DMH has over the years published a clinical evaluator handbook and standardized assessment protocol for its SVP evaluators. In August 2008, the OAL issued a determination that various challenged portions of the 2007 version of the Clinical Evaluator Handbook and Standardized Assessment Protocol met the statutory definition of a regulation and, therefore, should have been adopted pursuant to the Administrative Procedure Act (APA), Government Code section 11340.5. (2008 OAL Determination No. 19 (Aug. 15, 2008) p. 1 <http://www.oal.ca.gov/Determinations_Issued_in_2008.htm> [as of Nov. 19, 2009].) The OAL determined that, as such, the protocol constituted an underground regulation as defined in California Code of Regulations, title 1, section 250. (2008 OAL Determination No. 19, *supra*, at p. 13.) A regulation enacted in violation of the APA is invalid. (*Morning Star Co. v. State Bd. of Equalization* (2006) 38 Cal.4th 324, 340 [42 Cal.Rptr.3d 47, 132 P.3d 249].)

The 2008 OAL Determination No. 19 concerned only whether the assessment protocol constituted a regulation under Government Code section 11342.600 and stated, "[n]othing in this analysis evaluates the advisability or the wisdom of the underlying action or enactment." (2008 OAL Determination No. 19, *supra*, at p. 1.) The 2008 OAL Determination No. 19 advised that the OAL "has neither the legal authority nor the technical expertise to evaluate the underlying policy issues involved in the subject of this determination." (*Ibid.*)

DISCUSSION

I.

*Right to Habeas Corpus Relief*

A.  *Ronje's Evaluations Were Conducted Pursuant to an
Invalid Standardized Assessment Protocol.*

The SVPA commitment petition against Ronje was filed in March 2006, so his evaluations likely were conducted in early 2006 or in 2005. We ordered Ronje to augment the record with the assessment protocol used for his evaluations so we could compare it with the one determined by the OAL to constitute an underground regulation. Ronje responded by augmenting the record with a copy of the 2004 assessment protocol used for his evaluations. The 2004 assessment protocol is substantially the same as the 2007 version determined by the OAL to constitute an invalid regulation. The relevant portions of the 2004 version differ only in a few, nonsubstantive respects from the corresponding portions in the 2007 version that were the basis for 2008 OAL Determination No. 19.

■ The OAL's determination the 2007 assessment protocol is an underground regulation, though not binding on us, is "entitled to due deference." (*Grier v. Kizer* (1990) 219 Cal.App.3d 422, 428 [268 Cal.Rptr. 244].) The assessment protocol has the hallmarks of regulations subject to the APA. The APA defines "regulation" broadly to include "every rule, regulation, order, or standard of general application or the amendment, supplement, or revision of any rule, regulation, order, or standard adopted by any state agency to implement, interpret, or make specific the law enforced or administered by it, or to govern its procedure." (Gov. Code, § 11342.600.) "A regulation subject to the APA thus has two principal identifying characteristics. [Citation.] First, the agency must intend its rule to apply generally, rather than in a specific case. The rule need not, however, apply universally; a rule applies generally so long as it declares how a certain class of cases will be decided. [Citation.] Second, the rule must 'implement, interpret, or make specific the law enforced or administered by [the agency], or . . . govern [the agency's] procedure.' [Citation.]" (*Tidewater Marine Western, Inc. v. Bradshaw* (1996) 14 Cal.4th 557, 571 [59 Cal.Rptr.2d 186, 927 P.2d 296] (*Tidewater*).)

We conclude 2008 OAL Determination No. 19 was correct under *Tidewater*. As the OAL determined, the challenged portions of the assessment protocol applied generally either to all evaluators or to all inmates referred by the DMH for treatment, or to both. (2008 OAL Determination No. 19, *supra*, at p. 6.) On the second *Tidewater* element, the OAL found, " '[t]his handbook

*and all supplemental instructions to DMH staff and contractors in the implementation of the SVP law is the required standardized assessment protocol.'* " (*Id.* at p. 9, original italics.) The OAL concluded the challenged portions of the assessment protocol were implementing or making specific the SVP law and the procedures the DMH would use to implement the law, and therefore satisfied the second *Tidewater* element. (*Id.* at pp. 9–10.)

■ As an underground regulation, the 2007 standardized assessment protocol is invalid. (*Morning Star Co. v. State Bd. of Equalization, supra,* 38 Cal.4th at p. 340.) Use of the invalid assessment protocol therefore constitutes an error or irregularity in the SVPA proceedings.

### B. *Ronje Is Not Required to Show Prejudice from Use of the Invalid Assessment Protocol.*

Ronje argues the district attorney lacked authority to file the SVPA commitment petition, and the trial court lacked fundamental jurisdiction over the petition, because the DMH evaluations were based on the invalid assessment protocol. In *Pompa-Ortiz, supra,* 27 Cal.3d at page 529, the Supreme Court held that illegalities in criminal preliminary hearings that are not "jurisdictional in the fundamental sense" are not reversible per se on an appeal following the subsequent trial. Rather, such illegalities must be reviewed "under the appropriate standard of prejudicial error and shall require reversal only if defendant can show that he was deprived of a fair trial or otherwise suffered prejudice as a result of the error at the preliminary examination." (*Ibid.*)

■ Under *Pompa-Ortiz,* "[t]he right to relief without any showing of prejudice will be limited to pretrial challenges of irregularities. At that time, by application for extraordinary writ, the matter can be expeditiously returned to the magistrate for proceedings free of the charged defects." (*Pompa-Ortiz, supra,* 27 Cal.3d at p. 529.) "In other words, a defendant who feels he has suffered error at his preliminary hearing can seek to correct that error by filing a pretrial writ petition. If he does not, and elects to go to trial, the error at the preliminary hearing can only lead to reversal of the conviction if the error created actual prejudice." (*People v. Hayes* (2006) 137 Cal.App.4th 34, 50 [39 Cal.Rptr.3d 747].)

The *Pompa-Ortiz* rule applies to denial of substantive rights and technical irregularities in proceedings and to SVPA proceedings. (*Glenn, supra,* 178 Cal.App.4th at p. 806; *People v. Hayes, supra,* 137 Cal.App.4th at pp. 50–51.)

Ronje is making a pretrial challenge to the evaluations leading to the commitment petition and therefore is not required to show actual prejudice to obtain habeas corpus relief.

## II.

### *Remedy*

As a remedy, Ronje requests dismissal of the SVPA commitment petition or new evaluations conducted under a valid assessment protocol. The decision which remedy to offer depends on whether use of evaluations based on an invalid assessment protocol deprived the trial court of fundamental jurisdiction.

■ The term "jurisdictional in the fundamental sense" means the "legal power to hear and determine a cause." (*Pompa-Ortiz, supra,* 27 Cal.3d at p. 529.) "Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties." (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288 [109 P.2d 942].)

■ In *Glenn,* we concluded that use of the evaluations conducted pursuant to the invalid assessment protocol did not deprive the trial court of the legal power to hear and determine the subsequently filed SVPA commitment petition, and therefore was not jurisdictional in a fundamental sense. (*Glenn, supra,* 178 Cal.App.4th at pp. 786, 807.) Use of the evaluations based on the invalid assessment protocol, though erroneous, does not deprive the trial court of fundamental jurisdiction over the SVPA commitment petition. The trial court has the power to hear the petition notwithstanding the error in using the invalid assessment protocol. Dismissal therefore is not the appropriate remedy.

Instead, the proper remedy is to cure the underlying error. In *People v. Superior Court (Ghilotti)* (2002) 27 Cal.4th 888, 894, 905 [119 Cal.Rptr.2d 1, 44 P.3d 949] (*Ghilotti*), the California Supreme Court concluded an SVPA commitment or recommitment petition cannot be filed unless, pursuant to section 6601, two mental health professionals agree the person qualifies as an SVP. The trial court may review an evaluator's assessment report for legal error and, if the court finds material legal error on the face of the report, must direct that the "erring evaluator prepare a new or corrected report applying correct legal standards." (*Ghilotti, supra,* 27 Cal.4th at p. 895.) The Supreme Court remanded the matter to the Court of Appeal with directions to issue a writ of mandamus vacating the trial court's order dismissing the recommitment petition and to remand the matter to the trial court. (*Ibid.*) On remand,

the trial court was directed to review the designated evaluators' reports for material legal error and, if necessary, direct the evaluators to prepare new or corrected reports under the correct standard. (*Id.* at pp. 895, 929.)

In *People v. Superior Court (Preciado)* (2001) 87 Cal.App.4th 1122, 1127–1128 [105 Cal.Rptr.2d 159], the Court of Appeal rejected the argument that the failure to obtain two evaluations before the initial petition was filed deprived the trial court of jurisdiction to proceed on an SVPA commitment petition. The requirement of evaluations, the court reasoned, is not one affecting disposition on the merits but is a collateral procedural condition "designed to ensure that SVP proceedings are initiated only when there is a substantial factual basis for doing so." (87 Cal.App.4th at p. 1130.) "In general, where a defect impairing a litigant's right to proceed existed at the time a complaint was filed but has been cured by the time the defense is raised, the defect will be ignored." (*Id.* at p. 1128, citing 5 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 1058, p. 508.)

As *People v. Superior Court (Preciado)* and *Ghilotti* suggest, the proper remedy here is to remand the matter to the trial court with directions to (1) order new evaluations of Ronje using a valid assessment protocol, and (2) conduct another probable cause hearing under section 6602, subdivision (a) based on those new evaluations.

### III.

#### *Due Process*

Ronje argues that by conducting evaluations using an invalid assessment protocol, the State of California failed to follow its own procedures and thus violated his due process rights. We conclude Ronje did not suffer a due process violation.

Involuntary commitment to a mental institution is subject to the due process protections of the Fourteenth Amendment to the United States Constitution. "[C]ivil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection. [Citations.]" (*Addington v. Texas* (1979) 441 U.S. 418, 425 [60 L.Ed.2d 323, 99 S.Ct. 1804]; see also *Vitek v. Jones* (1980) 445 U.S. 480, 493–494 [63 L.Ed.2d 552, 100 S.Ct. 1254] [convicted felon is entitled to due process protection before being found to have a mental illness and transferred to a mental hospital].)

The California Supreme Court recognizes, "[a]n SVPA commitment unquestionably involves a deprivation of liberty, and a lasting stigma . . . ." (*People v. Hurtado* (2002) 28 Cal.4th 1179, 1194 [124 Cal.Rptr.2d 186, 52 P.3d 116].)

In *Mathews v. Eldridge* (1976) 424 U.S. 319, 333, 335 [47 L.Ed.2d 18, 96 S.Ct. 893], the Supreme Court identified three factors used to determine whether a person has received due process under the United States Constitution: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of that interest through the procedures used; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional procedure would entail.

The first factor weighs in favor of Ronje, and the third factor weighs in favor of the People. As to the first factor, "civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection. [Citations.]" (*Addington v. Texas, supra*, 441 U.S. at p. 425.) As to the third factor, there is no question the government has a substantial interest in providing treatment to those persons suffering from mental illness and in protecting the public from those whose mental illness makes them a danger to others. (*Id.* at p. 426.)

As to the second factor, we find little risk of an erroneous deprivation from use of the invalid assessment protocol. The 2008 OAL Determination No. 19 does not address the assessment protocol's accuracy or reliability in determining whether the person is an SVP as defined in the SVPA. The 2008 OAL Determination No. 19 made clear the ruling concerned only whether the assessment protocol constituted a regulation under Government Code section 11342.600 and stated, "[n]othing in this analysis evaluates the advisability or the wisdom of the underlying action or enactment." (2008 OAL Determination No. 19, *supra*, at p. 1.) After a commitment petition is filed, the trial court must hold a hearing on the petition to determine whether "there is probable cause to believe that the individual named in the petition is likely to engage in sexually violent predatory criminal behavior upon his or her release." (§ 6602, subd. (a).) The probable cause hearing is an adversarial hearing where the person named in the petition has the right to counsel. (*Ibid.*) If the court finds probable cause, it orders a trial to determine whether the person is an SVP under section 6600. (§ 6602, subd. (a).) These procedures provide adequate protection against erroneous deprivation from the invalid assessment protocol. (See *Glenn, supra*, 178 Cal.App.4th at p. 823.)

## DISPOSITION

The petition for writ of habeas corpus is granted and the matter is remanded with directions to (1) order new evaluations of Ronje under section 6601 using a valid assessment protocol, and (2) conduct another probable cause hearing under section 6602, subdivision (a) based on those new evaluations.

Sills, P. J., and Moore, J., concurred.