Filed 1/14/14  Yancy v. Superior Court CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JAMES YANCY,<br><br>    Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF ORANGE COUNTY,<br><br>    Respondent;<br><br>THE PEOPLE,<br><br>    Real Party in Interest. | G045213<br><br>(Super. Ct. No. M11040)<br><br>O P I N I O N |

Original proceedings; petition for a writ of mandate/prohibition to challenge an order of the Superior Court of Orange County, Richard M. King, Judge. Petition denied.

Deborah A. Kwast and Frank Ospino, Public Defenders, Jean Wilkinson, Chief Deputy Public Defender, Denise Gragg and Mark S. Brown, Assistant Public Defenders, for Petitioner.

No appearance for Respondent.

Tony Rackauckas, District Attorney, and Elizabeth Molfetta, Deputy District Attorney, for Real Party in Interest.

*        *        *

## INTRODUCTION

In October 2002, James Yancy was found to be a sexually violent predator under the Sexually Violent Predator Act, Welfare and Institutions Code section 6600 et seq. (SVPA)[1] and was committed for two years. He was the subject of SVPA recommitment petitions filed in 2004 and 2006. In our prior opinion, *Yancy v. Superior Court* (Mar. 28, 2012, G045213) (nonpub. opn.), review granted June 27, 2012, S202359, we denied Yancy's petition for writ of mandate/prohibition, which sought a writ directing the respondent court to grant his plea in abatement and dismiss the commitment petition.

The California Supreme Court granted review of our opinion. After issuing its decision in *Reilly v. Superior Court* (2013) 57 Cal.4th 641 (*Reilly*), the Supreme Court transferred this matter to us for reconsideration in light of that decision. No party filed a supplemental brief pursuant to rule 8.200(b)(1) of the California Rules of Court.

As the Supreme Court directed, we have reconsidered this matter in light of *Reilly* and again deny Yancy's petition for writ of mandate/prohibition. Our decision is without prejudice to Yancy challenging the probable cause determination pursuant to *Reilly*, *supra*, 57 Cal.4th at pages 656-657, footnote 5, and without prejudice to Yancy and the People obtaining further examinations and evaluations permitted by the SVPA.

## ALLEGATIONS OF THE PETITION AND THE RETURN

In October 2002, Yancy was found to be a sexually violent predator under the SVPA and was committed to the State Department of State Hospitals (SDSH) for

---

[1] Further code references are to the Welfare and Institutions Code unless otherwise indicated.

2

treatment. The Orange County District Attorney filed a petition for recommitment in October 2004 and a petition for recommitment in 2006. The 2006 SVPA recommitment petition was based on evaluations of Yancy, conducted by Clark Clipson, Ph.D., and Shoba Sreenivasan, Ph.D., both of whom concluded Yancy met the criteria for commitment as a sexually violent predator.

In October 2006, Judge Kazuharu Makino reviewed the 2006 SVPA recommitment petition and found it stated sufficient facts which, if true, would constitute probable cause to believe Yancy was likely to engage in sexually violent predatory criminal behavior on his release from commitment. As a consequence, Judge Makino ordered Yancy to be detained pursuant to section 6601.5 in a secure facility until the probable cause hearing.

Judge Richard M. King conducted a probable cause hearing in January 2007. Judge King found, pursuant to section 6602, probable cause existed to believe Yancy met the criteria for commitment as a sexually violent predator.

In August 2008, the Office of Administrative Law (OAL) issued 2008 OAL Determination No. 19, in which the OAL determined the 2007 version of the SDSH, Clinical Evaluator Handbook and Standardized Assessment Protocol (Aug. 2007) (2007 SAP), used for SVPA evaluations, amounted to an "underground regulation" because portions of the assessment protocol, though regulatory in nature, had not been adopted pursuant to Government Code section 11340.5, part of the Administrative Procedure Act (APA; Gov. Code, § 11340 et seq.). (2008 OAL Determination No. 19 (Aug. 15, 2008) p. 3, available at <http://www.oal.ca.gov/res/docs/pdf/determinations/2008/ 2008_OAL_Determination_19.pdf> [as of Jan. 14, 2014]; see *Reilly*, *supra*, 57 Cal.4th at p. 649.) In *In re Ronje* (2009) 179 Cal.App.4th 509, 516-517 (*Ronje*), disapproved in *Reilly*, *supra*, 57 Cal.4th 641, we agreed with the OAL and likewise concluded the 2007

3

SAP was invalid as an underground regulation. In 2009, the SDSH issued the Standardized Assessment Protocol for Sexually Violent Predator Evaluations (Feb. 2009) (2009 SAP), as the new standardized assessment protocol for SVPA evaluations. In February 2009, the OAL took emergency regulatory action to adopt part of the 2009 SAP. In September 2009, the OAL made permanent the emergency regulatory action.

In March 2010, Yancy filed a motion requesting, among other things, that, in light of *Ronje*, the trial court order new evaluations to be conducted to determine whether he is a sexually violent predator. In November 2010, Judge James P. Marion granted the motion and ordered new evaluations of Yancy, pursuant to section 6601, and a new probable cause hearing pursuant to *Ronje* based on the new evaluations.

In compliance with the court order, the SDSH reassigned Dr. Sreenivasan and Dr. Clipson to evaluate Yancy. In a report dated January 25, 2011, Dr. Sreenivasan concluded Yancy continued to meet the criteria for commitment as a sexually violent predator. In a report dated February 24, 2011, Dr. Clipson concluded Yancy no longer met those criteria.

Due to the difference of opinions, the SDSH ordered independent evaluations of Yancy to be conducted by Michael Selby, Ph.D., and Christopher Matosich, Ph.D. In a report dated February 28, 2011, Dr. Matosich concluded Yancy met the criteria for commitment as a sexually violent predator. In a report dated March 14, 2011, Dr. Selby concluded Yancy did not meet those criteria.

In March 2011, Yancy filed a plea in abatement seeking dismissal of the 2006 SVPA recommitment petition based on Dr. Clipson's post-*Ronje* report only. The district attorney did not file a formal opposition. In a supplemental memorandum of points and authorities, Yancy requested that his plea in abatement also be considered a demurrer under Code of Civil Procedure section 430.10, subdivision (a) and a nonstatutory motion to dismiss.

4

In April 2011, the respondent court issued an order denying the plea in abatement filed by Yancy. The full evaluation reports of Dr. Sreenivasan, Dr. Clipson, Dr. Selby, and Dr. Matosich were not presented to the respondent court, which apparently considered only the results of their evaluations when it denied Yancy's plea in abatement.

The next month, Yancy filed his petition for writ of mandate/prohibition. We issued an order to show cause and stayed the trial court proceedings. In our prior opinion, we denied Yancy's writ petition. We concluded: "Although the results of all four post-*Ronje* evaluations were provided to the trial court, it should have the opportunity to consider the full reports and address any . . . challenges to them." (*Yancy v. Superior Court*, *supra*, G045213.)

## DISCUSSION

In *Reilly*, *supra*, 57 Cal.4th at page 646, the California Supreme Court addressed the issue whether a court must dismiss an SVPA commitment petition that was supported by evaluations conducted under an invalid standardized assessment protocol. The initial evaluations of the alleged sexually violent predator in *Reilly* had been conducted under the standardized assessment protocol later deemed invalid by the OAL. (*Ibid.*) The trial court found probable cause and set the matter for trial. (*Id.* at p. 650.) A year later, new evaluations pursuant to *Ronje* were ordered, and the two initial post-*Ronje* evaluators agreed the alleged sexually violent predator no longer met the criteria for commitment as a sexually violent predator. (*Reilly*, *supra*, at pp. 650-651.) The alleged sexually violent predator sought a writ of mandate or prohibition to compel the trial court to grant his plea in abatement to dismiss the SVPA commitment petition. (*Id.* at p. 651.) We granted the petition in an opinion concluding that dismissal of the SVPA commitment petition was required because it was not supported by two concurring evaluations, as required by section 6601. (*Reilly*, *supra*, at p. 651.)

5

The California Supreme Court reversed our judgment. (*Reilly*, *supra*, 57 Cal.4th at p. 646.) The Supreme Court concluded a court is not required to dismiss commitment proceedings under the SVPA if the OAL determines that the initial evaluations supporting the petition were conducted under an assessment protocol that did not comply with the OAL's procedural requirements. (*Reilly*, *supra*, at p. 646.) "Instead," the Supreme Court concluded, "an alleged sexually violent predator (SVP) must show that any fault that did occur under the assessment protocol created a *material* error. [Citation.]" (*Ibid.*) The Supreme Court disapproved *Ronje* because it did not require the alleged sexually violent predator also to show such material error. (*Reilly*, *supra*, at p. 655.)

The 2004 SVPA recommitment petition and the 2006 SVPA recommitment petition were based on evaluation reports prepared by Dr. Clipson and Dr. Sreenivasan. Under the Supreme Court's opinion in *Reilly*, the evaluation reports of Dr. Clipson and Dr. Sreenivasan were sufficient to support the filing of the 2006 SVPA recommitment petition against Yancy unless he showed that any fault occurring under the standardized assessment protocol in use at that time created "a *material* error." (*Reilly*, *supra*, 57 Cal.4th at p. 646.) Yancy has not made such a showing.

In *Reilly*, unlike this case, the alleged sexually violent predator had been the subject of updated evaluations, pursuant to section 6603, subdivision (c), that were performed in accordance with the 2009 SAP. (*Reilly*, *supra*, 57 Cal.4th at p. 650.) Those updated evaluations, conducted before the post-*Ronje* evaluations, concluded the alleged sexually violent predator met the criteria for commitment under the SVPA. (*Reilly*, *supra*, at p. 650.) The Supreme Court stated: "In this case, two evaluators concluded in 2008, under the 2007 protocol, and again in 2009, under the subsequently adopted 2009 protocol, that Reilly was an SVP [(sexually violent predator)]. Under these circumstances, where Reilly was found to be an SVP under the new protocol, it is clear

that the 2007 protocol error did not materially affect the outcome of his probable cause hearing. Reilly has therefore not shown that the invalid assessment protocol materially affected his initial evaluations." (*Id.* at p. 656.)

Other than the post-*Ronje* evaluations, Yancy has not been evaluated under the 2009 SAP. In 2007, the trial court found probable cause to believe Yancy met the criteria for continued commitment as a sexually violent predator. Footnote 5 of *Reilly*, *supra*, 57 Cal.4th at pages 656-657, is therefore applicable. Footnote 5 reads: "Although not applicable here, in future cases in which the alleged SVP [(sexually violent predator)] has only been evaluated under the 2007 assessment protocol and in which a court finds probable cause that the individual meets the SVP criteria, the individual may petition the court to set aside the probable cause determination on the ground that the use of the invalid 2007 assessment protocol materially affected the outcome of the hearing. The court may then order new evaluations under section 6603 et seq., using the 2009 assessment protocol, and may, in its discretion, order a new probable cause hearing if the new evaluations support the petition. If a 2007 assessment protocol error is identified before a probable cause determination, the alleged SVP may file a plea in abatement asserting the procedural error and asking the court to substitute new evaluations that use the 2009 assessment protocol." (*Reilly*, *supra*, at pp. 656-657, fn. 5.)

Our decision to deny Yancy's petition for writ of mandate/prohibition is therefore without prejudice to Yancy challenging the probable cause determination pursuant to *Reilly*, *supra*, 57 Cal.4th at pages 656-657, footnote 5. In addition, our decision is without prejudice to Yancy and the People exercising their statutory rights under the SVPA to obtain new or updated evaluations under section 6603, subdivisions (a) and (c)(1). (See *Reilly*, *supra*, at p. 657.)

**DISPOSITION**

The petition for writ of mandate/prohibition is denied and the stay of the trial court proceedings is lifted.


FYBEL, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


BEDSWORTH, J.