Filed 1/14/14  Smith v. Superior Court CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RICHARD ANTHONY SMITH,<br><br>　　　Petitioner,<br><br>　　　　　　v.<br><br>THE SUPERIOR COURT OF ORANGE COUNTY,<br><br>　　　Respondent;<br><br>THE PEOPLE,<br><br>　　　Real Party in Interest. | G045119<br><br>(Super. Ct. No. M9531)<br><br>O P I N I O N |

Original proceedings; petition for a writ of mandate/prohibition to challenge an order of the Superior Court of Orange County, Richard M. King, Judge. Petition granted in part and denied in part.

Deborah A. Kwast and Frank Ospino, Public Defenders, Jean Wilkinson, Chief Deputy Public Defender, Denise Gragg, Sharon Petrosino and Mark S. Brown, Assistant Public Defenders, for Petitioner.

No appearance for Respondent.

Tony Rackauckas, District Attorney, and Elizabeth Molfetta, Deputy District Attorney, for Real Party in Interest.

\*          \*          \*

**INTRODUCTION**

Richard Anthony Smith is the subject of a commitment petition filed pursuant to the Sexually Violent Predator Act, Welfare and Institutions Code section 6600 et seq. (SVPA).[1] In our prior opinion, *Smith v. Superior Court* (Mar. 28, 2012, G045119) (nonpub. opn.), review granted June 27, 2012, S202338, we granted Smith's petition for writ of mandate/prohibition and directed the respondent court to grant his plea in abatement, in effect dismissing the SVPA commitment petition.

The California Supreme Court granted review of our opinion. After issuing its decision in *Reilly v. Superior Court* (2013) 57 Cal.4th 641 (*Reilly*), the Supreme Court transferred this matter to us for reconsideration in light of that decision. Following transfer, Smith submitted a supplemental opening brief pursuant to rule 8.200(b)(1) of the California Rules of Court. The district attorney did not file a supplemental responding brief.

As the Supreme Court directed, we have reconsidered this matter in light of *Reilly* and now conclude Smith's petition for writ of mandate/prohibition must be denied in part and granted in part. We deny Smith's request for a writ directing the respondent court to grant his plea in abatement. We grant Smith's request for a writ directing the respondent court to vacate its order granting the district attorney's motion to compel him to undergo a mental examination by the district attorney's retained mental health professional and granting that mental health professional access to Smith's state hospital

---

[1] Further code references are to the Welfare and Institutions Code unless otherwise indicated.

2

records. Our decision is without prejudice to Smith challenging the probable cause determination pursuant to *Reilly*, *supra*, 57 Cal.4th at pages 656-657, footnote 5, and without prejudice to Smith and the People obtaining further examinations and evaluations permitted by the SVPA.

**ALLEGATIONS OF THE PETITION AND THE RETURN**

In March 2002, the Orange County District Attorney filed a petition for commitment as a sexually violent predator (the SVPA Petition), alleging Smith was a sexually violent predator under the SVPA. Attached to the SVPA Petition were an evaluation of Smith, conducted by Dana Putnam, Ph.D., in January 2002, and an evaluation conducted by Charles Jackson, Ph.D., in February 2002.

In March 2002, Judge Ronald Kreber reviewed the SVPA Petition and found it stated sufficient facts which, if true, would constitute probable cause to believe Smith was likely to engage in sexually violent predatory criminal behavior on his release from prison. As a consequence, Judge Kreber ordered Smith to be detained pursuant to section 6601.5 in a secure facility until the probable cause hearing.

In 2006, one updated evaluation and one replacement evaluation of Smith were conducted pursuant to section 6603, subdivision (c)(1). Nancy Rueschenberg, Ph.D., conducted the replacement evaluation and concluded Smith continued to meet the criteria for commitment as a sexually violent predator. Dr. Putnam conducted the updated evaluation. The record does not reveal Dr. Putnam's conclusion in the updated evaluation. In February 2007, Smith waived his right to a probable cause hearing after it had been continued several times. Trial on the SVPA Petition has not been held.

In August 2008, the Office of Administrative Law (OAL) issued 2008 OAL Determination No. 19, in which the OAL determined the 2007 version of the State Department of State Hospitals (SDSH), Clinical Evaluator Handbook and Standardized Assessment Protocol (Aug. 2007) (2007 SAP), used for SVPA evaluations, amounted to

3

an "underground regulation" because portions of the assessment protocol, though regulatory in nature, had not been adopted pursuant to Government Code section 11340.5, part of the Administrative Procedure Act (APA; Gov. Code, § 11340 et seq.). (2008 OAL Determination No. 19 (Aug. 15, 2008) p. 3, available at <http://www.oal.ca.gov/res/docs/pdf/determinations/2008/2008_OAL_Determination_19 .pdf> [as of Jan. 14, 2014]; see *Reilly*, *supra*, 57 Cal.4th at p. 649.) In *In re Ronje* (2009) 179 Cal.App.4th 509, 516-517 (*Ronje*), disapproved in *Reilly*, *supra*, 57 Cal.4th 641, we agreed with the OAL and likewise concluded the 2007 SAP was invalid as an underground regulation. In 2009, the SDSH issued the Standardized Assessment Protocol for Sexually Violent Predator Evaluations (Feb. 2009) (2009 SAP), as the new standardized assessment protocol for SVPA evaluations. In February 2009, the OAL took emergency regulatory action to adopt part of the 2009 SAP. In September 2009, the OAL made permanent the emergency regulatory action.

In March 2010, Smith filed a motion requesting, among other things, that, in light of *Ronje*, the trial court order new evaluations to be conducted to determine whether he is a sexually violent predator. In November 2010, Judge Patrick Donahue granted the motion and ordered new evaluations of Smith, pursuant to section 6601, and a new probable cause hearing pursuant to *Ronje* based on the new evaluations.

In compliance with the court order, the SDSH appointed Dr. Putnam and Dr. Rueschenberg to conduct the new evaluations. In a report dated February 2, 2011, Dr. Rueschenberg concluded Smith no longer met the criteria for commitment as a sexually violent predator. In a report dated February 7, 2011, Dr. Putnam also concluded Smith no longer met those criteria.

At the pretrial hearing in March 2011, Smith requested a probable cause hearing be set within 10 calendar days. The respondent court denied the request. Later that month, the district attorney filed a motion for an order compelling Smith to undergo

a mental examination by the district attorney's retained expert, Harry Goldberg, Ph.D., and granting Dr. Goldberg access to Smith's state hospital records.

In March 2011, Smith filed a plea in abatement seeking dismissal of the SVPA Petition, based on Dr. Rueschenberg's and Dr. Putnam's post-*Ronje* evaluation reports. The district attorney filed opposition. The respondent court set a probable cause hearing for May 6, 2011.

In April 2011, the respondent court issued an order denying the plea in abatement filed by Smith. The respondent court also granted the district attorney's motion to compel Smith to undergo a mental evaluation and to grant access to his state hospital records.

Five days later, Smith filed his petition for writ of mandate/prohibition challenging the denial of his plea in abatement and challenging the respondent court's order granting the district attorney's motion to compel him to undergo a mental evaluation by the district attorney's retained mental health professional and to grant that mental health professional access to his state hospital records. In *Smith v. Superior Court*, *supra*, G045119, we granted Smith's writ petition and directed the respondent court to (1) grant Smith's plea in abatement and (2) deny the district attorney's motion to compel Smith to undergo a mental examination and to grant access to Smith's state hospital records.

## DISCUSSION

## I.

### Writ Petition Denied as to Plea in Abatement

In *Reilly*, *supra*, 57 Cal.4th at page 646, the California Supreme Court addressed the issue whether a court must dismiss an SVPA commitment petition that was supported by evaluations conducted under an invalid standardized assessment protocol. The initial evaluations of the alleged sexually violent predator in *Reilly* had been

5

conducted under the standardized assessment protocol later deemed invalid by the OAL. (*Ibid.*) The trial court found probable cause and set the matter for trial. (*Id.* at p. 650.) A year later, new evaluations pursuant to *Ronje* were ordered, and the two initial post-*Ronje* evaluators agreed the alleged sexually violent predator no longer met the criteria for commitment as a sexually violent predator. (*Reilly*, *supra*, at pp. 650-651.) The alleged sexually violent predator sought a writ of mandate or prohibition to compel the trial court to grant his plea in abatement to dismiss the SVPA commitment petition. (*Id.* at p. 651.) We granted the petition in an opinion concluding that dismissal of the SVPA commitment petition was required because it was not supported by two concurring evaluations, as required by section 6601. (*Reilly*, *supra*, at p. 651.)

The California Supreme Court reversed our judgment. (*Reilly*, *supra*, 57 Cal.4th at p. 646.) The Supreme Court concluded a court is not required to dismiss commitment proceedings under the SVPA if the OAL determines that the initial evaluations supporting the petition were conducted under an assessment protocol that did not comply with the OAL's procedural requirements. (*Reilly*, *supra*, at p. 646.) "Instead," the Supreme Court concluded, "an alleged sexually violent predator (SVP) must show that any fault that did occur under the assessment protocol created a *material* error. [Citation.]" (*Ibid.*) The Supreme Court disapproved *Ronje* because it did not require the alleged sexually violent predator also to show such material error. (*Reilly*, *supra*, at p. 655.)

This case is similar to *Reilly* because the two initial post-*Ronje* evaluators concluded Smith did not meet the criteria for commitment as a sexually violent predator. Under the Supreme Court's opinion in *Reilly,* we must deny Smith's writ petition requesting that we direct the respondent court to grant his plea in abatement.

In *Reilly*, unlike this case, the alleged sexually violent predator had been the subject of updated evaluations, pursuant to section 6603, subdivision (c), that were performed in accordance with the 2009 SAP. (*Reilly*, *supra*, 57 Cal.4th at p. 650.) Those

updated evaluations, conducted before the post-*Ronje* evaluations, concluded the alleged sexually violent predator met the criteria for commitment under the SVPA. (*Reilly*, *supra*, at p. 650.) The Supreme Court stated: "In this case, two evaluators concluded in 2008, under the 2007 protocol, and again in 2009, under the subsequently adopted 2009 protocol, that Reilly was an SVP [(sexually violent predator)]. Under these circumstances, where Reilly was found to be an SVP under the new protocol, it is clear that the 2007 protocol error did not materially affect the outcome of his probable cause hearing. Reilly has therefore not shown that the invalid assessment protocol materially affected his initial evaluations." (*Id.* at p. 656.)

Other than the post-*Ronje* evaluations, Smith has not been evaluated under the 2009 SAP. Footnote 5 of *Reilly*, *supra*, 57 Cal.4th at pages 656-657, is therefore applicable. Footnote 5 reads: "Although not applicable here, in future cases in which the alleged SVP [(sexually violent predator)] has only been evaluated under the 2007 assessment protocol and in which a court finds probable cause that the individual meets the SVP criteria, the individual may petition the court to set aside the probable cause determination on the ground that the use of the invalid 2007 assessment protocol materially affected the outcome of the hearing. The court may then order new evaluations under section 6603 et seq., using the 2009 assessment protocol, and may, in its discretion, order a new probable cause hearing if the new evaluations support the petition. If a 2007 assessment protocol error is identified before a probable cause determination, the alleged SVP may file a plea in abatement asserting the procedural error and asking the court to substitute new evaluations that use the 2009 assessment protocol." (*Reilly*, *supra*, at pp. 656-657, fn. 5.)

In February 2007, Smith waived his right to a probable cause hearing. Although we are denying his writ petition as to the plea in abatement, in light of footnote 5 of *Reilly*, *supra*, 57 Cal.4th at pages 656-657, Smith should have the opportunity to petition the respondent court to set aside that waiver and to hold a

7

probable cause hearing on the ground that the use of the invalid 2007 SAP materially affected his waiver.

## II.

### Writ Petition Granted as to Mental Examination and Access to Hospital Records

In our prior opinion, we stated: "[W]e also conclude Smith cannot be compelled to undergo another mental evaluation because the SVPA Petition must be dismissed. Evaluations by independent mental health professionals under section 6601, subdivision (e) are not authorized because the initial two post-*Ronje* evaluators concluded Smith no longer met the criteria for commitment as a sexually violent predator." (*Smith v. Superior Court*, *supra*, G045119.) We directed the respondent court to enter an order denying the district attorney's motion to compel Smith to undergo a mental examination and to allow access to Smith's state hospital records. (*Ibid.*)

In his supplemental opening brief, Smith urges us to confirm our prior decision to deny those motions. We will grant the requested relief. The district attorney's motion to compel Smith to undergo a mental examination and to give the district attorney's retained expert access to Smith's state hospital records was prompted by the post-*Ronje* evaluations and was not authorized under the SVPA. Smith and the People retain their rights to obtaining further examinations and evaluations permitted by the SVPA. In *Reilly*, *supra*, 57 Cal.4th at pages 656-657, the Supreme Court stated: "The trial court should consider any updated evaluations submitted to it together with the initial evaluations that supported the original SVPA commitment petition, giving each evaluation whatever weight it deems appropriate. (§ 6603, subd. (c).) Reilly retains his statutory rights to obtain new psychological examinations on his behalf before trial and to introduce other evidence that he believes will assist the court in determining his status as an SVP [(sexually violent predator)]. (§ 6603, subd. (a).) The People have the corresponding right to order updated evaluations before trial. (§ 6603, subd. (c)(1).)"

8

The petition for writ of mandate/prohibition is denied with respect to the respondent court's order denying Smith's plea in abatement. The petition for writ of mandate/prohibition is granted with respect to the respondent court's order granting the district attorney's motion to compel Smith to undergo a mental examination and to allow access to Smith's state hospital records.

Let a writ of mandate issue directing the respondent court to vacate its order granting the district attorney's motion to compel Smith to undergo a mental examination by the district attorney's retained mental health professional and to allow that mental health professional access to Smith's state hospital records, and directing the respondent court to enter a new order denying that motion.

Our decision is without prejudice to Smith and the People exercising their statutory rights.


FYBEL, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


BEDSWORTH, J.

9