Filed 1/14/14  Rigby v. Superior Court CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| ALAN RIGBY,<br><br>    Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF ORANGE COUNTY,<br><br>    Respondent;<br><br>THE PEOPLE,<br><br>    Real Party in Interest. | G045614<br><br>(Super. Ct. Nos. M10354 & M11042)<br><br>O P I N I O N |

Original proceedings; petition for a writ of mandate/prohibition to challenge an order of the Superior Court of Orange County, James Patrick Marion, Judge. Petition denied.

Frank Ospino, Public Defender, Jean Wilkinson, Chief Deputy Public Defender, Denise Gragg, Sharon Petrosino and Mark S. Brown, Assistant Public Defenders, for Petitioner.

No appearance for Respondent.

Tony Rackauckas, District Attorney, and Elizabeth Molfetta, Deputy District Attorney, for Real Party in Interest.

*     *     *

## INTRODUCTION

In December 2003, Alan Rigby was adjudicated to be a sexually violent predator under the Sexually Violent Predator Act, Welfare and Institutions Code section 6600 et seq. (SVPA).[1] He is the subject of SVPA recommitment petitions filed in 2004 and 2006. In our prior opinion, *Rigby v. Superior Court* (Mar. 28, 2012, G045614) (nonpub. opn.), review granted June 27, 2012, S202314, we denied Rigby's petition for writ of mandate/prohibition, which sought a writ directing the respondent court to grant his motion to dismiss the 2006 SVPA recommitment petition.

The California Supreme Court granted review of our opinion. After issuing its decision in *Reilly v. Superior Court* (2013) 57 Cal.4th 641 (*Reilly*), the Supreme Court transferred this matter to us for reconsideration in light of that decision. No party filed a supplemental brief pursuant to rule 8.200(b)(1) of the California Rules of Court.

As the Supreme Court directed, we have reconsidered this matter in light of *Reilly* and again deny Rigby's petition for writ of mandate/prohibition. Our decision is without prejudice to Rigby and the People obtaining further examinations and evaluations permitted by the SVPA.

## ALLEGATIONS OF THE PETITION AND THE RETURN

In December 2003, Rigby was adjudicated to be a sexually violent predator under the SVPA and was committed to the State Department of State Hospitals (SDSH) for treatment for two years. In October 2004, the Orange County District Attorney filed a

---

[1] Further code references are to the Welfare and Institutions Code unless otherwise indicated.

2

petition for recommitment as a sexually violent predator, alleging Rigby continued to be a sexually violent predator under the SVPA. The SVPA recommitment petition was based on evaluations prepared by Elaine Finnberg, Ph.D., and Christopher North, Ph.D., which concluded Rigby continued to meet the criteria for commitment as a sexually violent predator.

In November 2004, Judge Daniel J. Didier reviewed the SVPA recommitment petition and found it stated sufficient facts which, if true, would constitute probable cause to believe Rigby was likely to engage in sexually violent predatory criminal behavior on his release from commitment. As a consequence, Judge Didier ordered Rigby to be detained pursuant to section 6601.5 in a secure facility until the probable cause hearing.

In October 2006, the district attorney filed another SVPA recommitment petition against Rigby, seeking his commitment to the SDSH for an indeterminate period. The 2006 SVPA recommitment petition was based on evaluations conducted by Dr. Finnberg and Dr. North, both of whom concluded Rigby continued to meet the criteria for commitment as a sexually violent predator. Judge David A. Hoffer reviewed the petition and found it stated sufficient facts which, if true, would constitute probable cause to believe Rigby was likely to engage in sexually violent predatory criminal behavior on his release from commitment. As a consequence, Judge Hoffer ordered Rigby to be detained pursuant to section 6601.5 in a secure facility until the probable cause hearing.

In 2008, Dr. Finnberg prepared an updated evaluation concluding Rigby continued to meet the criteria for commitment as a sexually violent predator. An updated evaluation was also prepared by Robert Owen, Ph.D., who likewise concluded Rigby continued to meet those criteria.

In August 2008, the Office of Administrative Law (OAL) issued 2008 OAL Determination No. 19, in which the OAL determined the 2007 version of the SDSH,

3

Clinical Evaluator Handbook and Standardized Assessment Protocol (Aug. 2007) (2007 SAP), used for SVPA evaluations, amounted to an "underground regulation" because portions of the assessment protocol, though regulatory in nature, had not been adopted pursuant to Government Code section 11340.5, part of the Administrative Procedure Act (APA; Gov. Code, § 11340 et seq.). (2008 OAL Determination No. 19 (Aug. 15, 2008) p. 3, available at <http://www.oal.ca.gov/res/docs/pdf/ determinations/ 2008/2008_OAL_Determination_19.pdf> [as of Jan. 14, 2014]; see *Reilly*, *supra*, 57 Cal.4th at p. 649.) In *In re Ronje* (2009) 179 Cal.App.4th 509, 516-517 (*Ronje*), disapproved in *Reilly*, *supra*, 57 Cal.4th 641, we agreed with the OAL and likewise concluded the 2007 SAP was invalid as an underground regulation. In 2009, the SDSH issued the Standardized Assessment Protocol for Sexually Violent Predator Evaluations (Feb. 2009) (2009 SAP), as the new standardized assessment protocol for SVPA evaluations. In February 2009, the OAL took emergency regulatory action to adopt part of the 2009 SAP. In September 2009, the OAL made permanent the emergency regulatory action.

In the reply, Rigby alleged that Dr. North prepared a report dated June 30, 2008, concluding Rigby no longer met the criteria for commitment as a sexually violent predator and that Nancy Rueschenberg, Ph.D., prepared a report dated March 24, 2009, reaching the same conclusion.

In December 2010, Rigby filed a motion requesting, among other things, that, in light of *Ronje*, the trial court order new evaluations to be conducted to determine whether he is a sexually violent predator. The trial court granted the motion and ordered new evaluations of Rigby pursuant to section 6601.

In compliance with the court order, the SDSH reassigned Dr. Finnberg and Dr. Owen to evaluate Rigby. In a report dated April 22, 2011, Dr. Owen concluded Rigby no longer met the criteria for commitment as a sexually violent predator. In a

4

one-page checklist dated April 26, 2011, Dr. Finnberg also concluded Rigby no longer met those criteria. Dr. Finnberg prepared a full report dated June 20, 2011.

In May 2011, Rigby filed a motion to dismiss the SVPA Petition based on Dr. Owen's and Dr. Finnberg's post-*Ronje* evaluations. Dr. Finnberg's report was not available when Rigby filed the motion to dismiss. The district attorney filed opposition to Rigby's motion to dismiss.

After hearing argument on June 13, 2011, the respondent court continued the matter to June 17. On that day, the respondent court denied the motion to dismiss and, over Rigby's objection, set the probable cause hearing for October 31, 2011. Rigby filed his petition for writ of mandate/prohibition in August 2011. We issued an order to show cause and issued a stay of the trial court proceedings. In our prior opinion, we denied Rigby's writ petition. We explained: "Only Dr. Owen's report was presented to the trial court. Although Dr. Finnberg had prepared a checklist of her evaluation, her June 20, 2011 report was not available to the trial court until after the court denied Rigby's motion to dismiss. Based on the single report before it, the trial court did not err by denying the motion." (*Rigby v. Superior Court*, *supra*, G045614.)

## DISCUSSION

In *Reilly*, *supra*, 57 Cal.4th at page 646, the California Supreme Court addressed the issue whether a court must dismiss an SVPA commitment petition that was supported by evaluations conducted under an invalid standardized assessment protocol. The initial evaluations of the alleged sexually violent predator in *Reilly* had been conducted under the standardized assessment protocol later deemed invalid by the OAL. (*Ibid.*) The trial court found probable cause and set the matter for trial. (*Id.* at p. 650.) A year later, new evaluations pursuant to *Ronje* were ordered, and the two initial post-*Ronje* evaluators agreed the alleged sexually violent predator no longer met the criteria for commitment as a sexually violent predator. (*Reilly*, *supra*, at pp. 650-651.) The alleged

5

sexually violent predator sought a writ of mandate or prohibition to compel the trial court to grant his plea in abatement to dismiss the SVPA commitment petition. (*Id.* at p. 651.) We granted the petition in an opinion concluding that dismissal of the SVPA commitment petition was required because it was not supported by two concurring evaluations, as required by section 6601. (*Reilly*, *supra*, at p. 651.)

The California Supreme Court reversed our judgment. (*Reilly*, *supra*, 57 Cal.4th at p. 646.) The Supreme Court concluded a court is not required to dismiss commitment proceedings under the SVPA if the OAL determines that the initial evaluations supporting the petition were conducted under an assessment protocol that did not comply with the OAL's procedural requirements. (*Reilly*, *supra*, at p. 646.) "Instead," the Supreme Court concluded, "an alleged sexually violent predator (SVP) must show that any fault that did occur under the assessment protocol created a *material* error. [Citation.]" (*Ibid.*) The Supreme Court disapproved *Ronje* because it did not require the alleged sexually violent predator also to show such material error. (*Reilly*, *supra*, at p. 655.)

Under the Supreme Court's opinion in *Reilly*, the evaluations conducted by Dr. Finnberg and Dr. North were sufficient to support the filing of the 2004 SVPA recommitment petition and the 2006 SVPA recommitment petition against Rigby unless he showed that any fault occurring under the standardized assessment protocol in use at that time created "a *material* error." (*Reilly*, *supra*, 57 Cal.4th at p. 646.) Rigby has not made such a showing.

In this case, however, no probable cause hearing has been conducted on either the 2004 SVPA recommitment petition or the 2006 SVPA recommitment petition. The last sentence of footnote 5 of *Reilly*, *supra*, 57 Cal.4th at page 657, bears on this situation. That sentence reads: "If a 2007 assessment protocol error is identified before a probable cause determination, the alleged SVP [(sexually violent predator)] may file a

6

plea in abatement asserting the procedural error and asking the court to substitute new evaluations that use the 2009 assessment protocol." (*Reilly*, *supra*, at p. 657, fn. 5.)

Rigby asserted the procedural error by filing a motion for new evaluations using the 2009 SAP. Dr. Owen and Dr. Finnberg prepared new evaluation reports using the 2009 SAP. But neither in his motion for new evaluations nor in his plea in abatement did Rigby assert or show the procedural error was material; that is, "the invalid assessment protocol materially affected his initial evaluations." (*Reilly*, *supra*, 57 Cal.4th at p. 656.) In this situation, *Reilly* does not permit dismissal of the 2006 SVPA recommitment petition. Absent a showing of material error, the next step is to conduct a probable cause hearing forthwith.

### DISPOSITION

The petition for writ of mandate/prohibition is denied and the stay of the trial court proceedings is lifted.

FYBEL, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

BEDSWORTH, J.

7