Filed 1/14/14  Reilly v. Superior Court CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| KEVIN MICHAEL REILLY, <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF ORANGE COUNTY, <br><br> Respondent; <br><br> THE PEOPLE, <br><br> Real Party in Interest. | G045118 <br><br> (Super. Ct. No. M11860) <br><br> O P I N I O N |

Original proceedings; petition for a writ of mandate/prohibition to challenge an order of the Superior Court of Orange County, Richard M. King, Judge. Petition granted in part and denied in part.

Deborah A. Kwast and Frank Ospino, Public Defenders, Jean Wilkinson, Chief Deputy Public Defender, Denise Gragg, Sharon Petrosino and Mark S. Brown, Assistant Public Defenders, for Petitioner.

No appearance for Respondent.

Tony Rackauckas, District Attorney, and Elizabeth Molfetta, Deputy District Attorney, for Real Party in Interest.

*          *          *

1. *Introduction*

Kevin Michael Reilly is the subject of a petition for commitment under the Sexually Violent Predator Act, Welfare and Institutions Code section 6600 et seq. (SVPA). In *Reilly v. Superior Court* (Mar. 28, 2012, G045118) (nonpub. opn.), review granted June 13, 2012, S202280 (*Reilly I*), we granted Reilly's petition for writ of mandate/prohibition and directed the respondent court to grant Reilly's plea in abatement, in effect dismissing the SVPA commitment petition.

In *Reilly v. Superior Court* (2013) 57 Cal.4th 641, 656-657 (*Reilly II*), the California Supreme Court reversed our judgment in *Reilly I* and concluded that Reilly must proceed to a trial on the SVPA commitment petition. The Supreme Court remanded the matter to us "for proceedings consistent with [its] opinion." (*Reilly II*, *supra*, at p. 657; see Cal. Rules of Court, rule 8.528(c).)

2. *Postremand Issues*

The only issues remaining for our decision following *Reilly II* are (1) whether the respondent court erred by granting the district attorney's motion to compel Reilly to undergo a mental examination by the district attorney's retained mental health professional; and (2) whether the respondent court erred by granting the district attorney's motion to allow that retained mental health professional access to Reilly's state hospital records. In *Reilly I*, we concluded: "Because the SVPA Petition must be dismissed, Reilly cannot be compelled to undergo another mental evaluation. Evaluations by independent professionals under [Welfare and Institutions Code] section 6601, subdivision (e) are not authorized because the initial two post-*Ronje* [(*In re Ronje* (2009) 179 Cal.App.4th 509, disapproved in *Reilly II*, *supra*, 57 Cal.4th 641)] evaluators concluded Reilly did not meet the criteria for commitment as a sexually

2

violent predator. For the same reason, allowing access to Reilly's state hospital records would not be justified." (*Reilly I*, *supra*, G045118.)

In his supplemental opening brief after remand, Reilly urges us to confirm our decision in *Reilly I* on the issues of the mental health examination and access to hospital records.[1] We will grant the requested relief. The district attorney's motions to compel Reilly to undergo a mental examination and to give the district attorney's retained expert access to Reilly's state hospital records were prompted by the post-*Ronje* evaluations and were not authorized under the SVPA. Reilly and the People retain their rights to obtain further examinations and evaluations permitted by the SVPA. In *Reilly II*, *supra*, 57 Cal.4th at pages 656-657, the Supreme Court stated: "The trial court should consider any updated evaluations submitted to it together with the initial evaluations that supported the original SVPA commitment petition, giving each evaluation whatever weight it deems appropriate. ([Welf. & Inst. Code, ]§ 6603, subd. (c).) Reilly retains his statutory rights to obtain new psychological examinations on his behalf before trial and to introduce other evidence that he believes will assist the court in determining his status as an SVP [(sexually violent predator)]. ([*Id.*, ]§ 6603, subd. (a).) The People have the corresponding right to order updated evaluations before trial. ([*Id.*, ]§ 6603, subd. (c)(1).)"

3. *Disposition and Order*

Reilly's petition for writ of mandate/prohibition is granted in part. Let a writ of mandate issue directing the respondent court to vacate its order (1) granting the district attorney's motion to compel Reilly to undergo a mental examination by the district attorney's retained mental health professional, and (2) granting the district attorney's motion to allow that mental health professional access to Reilly's state hospital records, and directing the respondent court to enter a new order denying those motions.

---

[1] The district attorney did not file a supplemental responding brief. (Cal. Rules of Court, rule 8.200(b)(1).)

Our decision is without prejudice to Reilly and the People exercising their statutory rights under the SVPA.  In accordance with *Reilly II*, *supra*, 57 Cal.4th 641, Reilly's petition for writ of mandate/prohibition is denied in all other respects.


FYBEL, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


BEDSWORTH, J.