Filed 2/24/15  P. v. Superior Court CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF ORANGE COUNTY,<br><br>    Respondent;<br><br>RICHARD ANTHONY SMITH,<br><br>    Real Party in Interest. | G050827<br><br>(Super. Ct. No. M9531)<br><br>O P I N I O N |

Original proceedings; petition for a writ of mandate and/or prohibition to challenge an order of the Superior Court of Orange County, Kimberly Menninger, Judge. Petition granted.

Tony Rackauckas, District Attorney, and Elizabeth Molfetta, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Frank Ospino, Public Defender, Sharon Petrosino, Chief Deputy Public Defender, and Mark S. Brown, Assistant Public Defender, for Real Party in Interest.

\* \* \*

**INTRODUCTION**

The issue presented by this writ proceeding is whether a mental health expert retained by the petitioner in an action brought under the Sexually Violent Predator Act, Welfare and Institutions Code section 6600 et seq. (SVPA),[1] may review the lawfully obtained evaluations of the alleged sexually violent predator and the mental health records and documents supporting those evaluations. Under the facts presented here, we resolve that issue in the affirmative.

Richard Anthony Smith is the subject of a commitment petition filed pursuant to the SVPA. The district attorney brought a motion seeking an order to allow a retained expert to review evaluations of Smith conducted under section 6603, subdivision (c)(1) (section 6603(c)(1)) and to review the records and documents supporting those evaluations. Based on a prior unpublished opinion in this matter, the respondent court denied the motion. The respondent court stated, "the district attorney will not be able to hire an expert and will not be able to utilize the documents that are subpoenaed for the expert's independent review."

The district attorney brought a petition for writ of mandate and/or prohibition to overturn the respondent court's order. In January 2015, we issued a notice pursuant to *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 (*Palma*) and invited Smith to file a supplemental informal response to address the advisability of issuing a peremptory writ in the first instance. Smith filed a supplemental informal response. We grant the petition and direct the issuance of a peremptory writ of mandate in the first instance.

---

[1] Code references are to the Welfare and Institutions Code unless otherwise indicated.

## DISCUSSION

In *Smith v. Superior Court* (Mar. 28, 2012, G045119) (nonpub. opn.), review granted June 27, 2012, S202338 (*Smith I*), we granted Smith's petition for writ of mandate and directed the respondent court to dismiss the SVPA commitment petition because the two post-*Ronje*[2] evaluators concluded Smith no longer met the criteria for commitment as a sexually violent predator. (*Smith I*, *supra*, G045119.) Because we directed the dismissal of the SVPA commitment petition, we also directed the respondent court to vacate its order compelling Smith to undergo a mental evaluation by the district attorney's retained expert—a mental examination made irrelevant by the dismissal. (*Ibid.*) We also concluded: "Smith cannot be compelled to undergo another mental evaluation because the SVPA Petition must be dismissed. Evaluations by independent mental health professionals under section 6601, subdivision (e) are not authorized because the initial two post-*Ronje* evaluators concluded Smith no longer met the criteria for commitment as a sexually violent predator." (*Ibid.*) The retained expert could not have access to Smith's state hospital records because they were sought as part of the prohibited mental examination. (*Ibid.*)

The California Supreme Court granted review of *Smith I*, then, after issuing its decision in *Reilly v. Superior Court*, *supra*, 57 Cal.4th 641, transferred the matter to us for reconsideration in light of that decision. In *Smith v. Superior Court* (Jan. 14, 2014, G045119) (nonpub. opn.) (*Smith II*), we concluded, "[u]nder the Supreme Court's opinion in *Reilly*, we must deny Smith's writ petition requesting that we direct the respondent court to grant his plea in abatement." We granted a writ of mandate as to the respondent court's order granting the district attorney's motion to compel Smith to undergo a mental examination and to allow access to Smith's state hospital records.

---

[2] *In re Ronje* (2009) 179 Cal.App.4th 509, 516-517, disapproved in *Reilly v. Superior Court* (2013) 57 Cal.4th 641, 655.

3

(*Ibid.*) We explained: "The district attorney's motion to compel Smith to undergo a mental examination and to give the district attorney's retained expert access to Smith's state hospital records was prompted by the post-*Ronje* evaluations and was not authorized under the SVPA. Smith and the People retain their rights to obtaining further examinations and evaluations permitted by the SVPA." (*Ibid.*) The district attorney maintained the right to obtain updated or replacement evaluations under section 6603(c)(1).

Our conclusions in *Smith I* and *Smith II* were narrow. In neither *Smith I* nor *Smith II* did we address whether the district attorney could retain a mental health expert under the Civil Discovery Act (Code Civ. Proc., § 2016.010 et seq.), nor did we address whether the district attorney could subpoena Smith's section 6603(c)(1) evaluations and supporting records and documents for review by that expert. We concluded only that Smith could not be *compelled* to undergo an evaluation by that expert. For that reason, no purpose would have been served at that time by permitting the expert to review Smith's evaluations and mental health records. The final sentence in *Smith II* was: "Our decision is without prejudice to Smith and the People exercising their statutory rights." (*Smith II*, *supra*, G045119.)

Those statutory rights include the right to retain an expert witness and the right to subpoena documents. (See Code Civ. Proc., §§ 1985-1985.8 [subpoena duces tecum], 2034.210-2034.310 [exchange of expert witness information].) The Civil Discovery Act applies to SVPA proceedings "on a case-by-case basis" (*People v. Superior Court (Cheek)* (2001) 94 Cal.App.4th 980, 994), and, in this case, there was good cause for the district attorney to retain a mental health expert and to subpoena Smith's mental health records.[3] The evaluators who conducted the section 6603(c)(1)

---

[3] The respondent court commented the district attorney would not be able to hire an expert, but the district attorney's motion raised only the issue whether the retained expert could look at Smith's evaluations and the supporting documents.

evaluations used those same documents and records in preparing their evaluations of Smith, as did Smith's own retained experts. As the district attorney asserts, "the documents upon which Mr. Smith's experts relied upon are in the lawful possession of the People obtained pursuant to sections 6603, subdivision (c)(1) and 6601, subdivision (h)."

Although Smith has a privacy interest in the section 6603(c)(1) evaluations and his mental health records, his interest is not absolute. (*People v. Martinez* (2001) 88 Cal.App.4th 465, 478.) Smith's privacy interest must be balanced against the government's interest in protecting the public from sexually violent predators (*People v. Allen* (2008) 44 Cal.4th 843, 866) and the interest of the justice system in providing reliable information to assist the trier of fact in determining whether the person being tried is a sexually violent predator (see *People v. Leonard* (2000) 78 Cal.App.4th 776, 792-793). Balancing those interests leads us to conclude the district attorney's retained expert should be able to review Smith's section 6603(c)(1) evaluations and the mental health records and documents relied upon by the evaluators and Smith's retained experts.

Smith argues our decisions in *Smith I* and *Smith II* are inconsistent with *People v. Landau* (2013) 214 Cal.App.4th 1, 24-26, in which a panel of this court concluded that under the Civil Discovery Act an alleged sexually violent predator may be compelled to undergo an examination by the district attorney's retained mental health expert. We need not address whether there is a conflict because the district attorney is not seeking to compel Smith to submit to another examination: The only issue presented in *this* proceeding is whether the district attorney's retained mental health expert may look at Smith's section 6603(c)(1) evaluations and supporting records and documentation lawfully obtained through discovery. In *People v. Landau*, *supra*, 214 Cal.App.4th at page 24, counsel for the alleged sexually violent predator conceded the district attorney's retained expert "may review otherwise confidential records and interview an alleged [sexually violent predator] if good cause for the evaluation exists."

5

## DISPOSITION AND ORDER

Having complied with *Palma*, we conclude the petition and the opposition adequately address the issue, no factual disputes exist, and additional briefing following the issuance of an alternative writ would be unnecessary to disposition of the petition. (*Palma*, *supra*, 36 Cal.3d at p. 178.)  The petition for writ of mandate/prohibition is granted.  Let a peremptory writ of mandate in the first instance issue directing the respondent court to (1) vacate its order denying the district attorney's motion for court order to release records to retained expert and protective order and (2) enter a new order granting that motion.  This court's stay order of October 10, 2014, is lifted upon finality of this opinion as to this court.


FYBEL, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


BEDSWORTH, J.

6